PER CURIAM.
 

 Defendant, Kenneth John Augustine, was’ tried by a jury and found guilty of armed robbery and sentenced to serve forty years in the State Penténtiary. On this appeal; the defendant relies on four bills of ex^ ceptions to obtain a reversal.
 

 However, we do not consider these bill's because there is an error discoverable on the face of the proceedings, which merits our attention. La.C.Cr.P. art. 920. The minutes show that the sentence was imposed before expiration of the mandatory statutory delay, and there is no minute entry or showing of a waiver of sampatent error requiring remánd. State v. Douglas, 250 La. 480, 196 So.2d 799 (1967).
 

 La.Code of Criminal Procedure Article 873 provides:
 

 “If a defendant is convicted of a felony, at least three days shall elapse between conviction and sentence. If a motion
 
 *980
 
 for a new trial, or in arrest of judgment, is filed, sentences shall not be imposed until at least twenty-four hours after the motion is overruled. If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately.”
 

 Where the record docs not disclose any waiver of the three-day delay in sentencing, and it is clear from the minutes that less than the mandatory minimum delay had elapsed at the time of the sentencing, we must hold the sentence to be void. As set forth in the Redactors’ Comments to La.C.Cr.P. art. 873:
 

 “This provision is for the purpose of affording an opportunity to an accused who has been convicted to file, prior to sentence, further pleadings, such as a motion for a new trial, a motion in arrest of judgment, etc., and, if he is denied the right to this delay, any sentence so imposed is void.”
 

 La.C.Cr.P. Art. 13 governs the computation of time for delays or other acts under this Code. Pertinently to the present issue, this article provides that “the date of the act, event, or default after which the period begins to run is
 
 not
 
 to be included" in computing a three-day delay (although, if not a holiday, “the last day of the period”
 
 is
 
 to be included). The date of the sentencing was May 24, 1971. Since the delay began to run on this date, it is not to be included. Article 873 provides that “at least three days shall elapse
 
 between
 
 conviction and sentence”. The general rule is that the use of the word “between” in designating a period of time, bounded by two specified dates or events, excludes both terminal dates, 86 C.J.S. Time § 13(6) (citing decisions from three states and referring to an old footnote at 62 C.J. 897 citing decisions from eleven states), although general rule need not be followed where a statute specifies otherwise.
 

 Since the present statute (Article 873) provides that
 
 "at least
 
 three days
 
 shall elapse between
 
 conviction and sentence” (i. e., not providing a delay “within which” an act must be accomplished), the statutory intent reflected is that, after the date of the sentence, three days, see Article 13(3) must elapse before (i. e. following which, see 86 C.J.S. Time § 13(4)) the sentence may be imposed. Under this view, following the conviction of May 24 at least three days (May 25, 26 and 27) must “elapse” (i. e., “expire”, “intervene”, “pass”, 14 Words & Phrases “Elapse”) before the date of the sentence. Thus, the sentence imposed on May 27th was premature by one day.
 

 Therefore, wc note,
 
 ex propio mo tu,
 
 that the sentence is void, since imposed before expiration of the three-day delay and without waiver of same.
 

 For the reasons assigned, the sentence is annulled and set aside, and the case is remanded to the Criminal District Court, Parish of Orleans, Section “j”, for re-sentencing in conformity with law.