275 So.2d 405 (1973)
STATE of Louisiana
v.
Toliver JOHNSON.
No. 53170.
Supreme Court of Louisiana.
March 26, 1973.
Robert Glass, New Orleans, for defendant-appellant.
*406 William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Sp. Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
PER CURIAM.
Defendant, Toliver Johnson, was tried by a jury and found guilty of armed robbery and sentenced to serve twenty-five (25) years in the State Penitentiary. On this appeal, the defendant relies on eleven bills of exceptions to obtain a reversal.
However, we do not consider these bills because there is an error discoverable on the face of the proceedings, which merits our attention. La.C.Cr.P. Art. 920. The minutes show that the sentence was imposed before expiration of the mandatory statutory delay, and there is no minute entry or showing of a waiver of samea patent error requiring remand. State v. Augustine, 263 La. 977, 270 So.2d 118 (1972).
La.Code of Criminal Procedure Article 873 provides:
"If a defendant is convicted of a felony, at least three days shall elapse between conviction and sentence. If a motion for a new trial, or in arrest of judgment, is filed, sentences shall not be imposed until at least twenty-four hours after the motion is overruled. If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately."
Where the record does not disclose any waiver of the three-day delay in sentencing, and it is clear from the minutes that less than the mandatory minimum delay had elapsed at the time of the sentencing, we must hold the sentence to be void. As set forth in the Redactors' Comments to La.C.Cr.P. art. 873:
"This provision is for the purpose of affording an opportunity to an accused who has been convicted to file, prior to sentence, further pleadings, such as a motion for a new trial, a motion in arrest of judgment, etc., and, if he is denied the right to this delay, any sentence so imposed is void."
As this Court explained in State v. Augustine, supra:
"* * * La.C.Cr.P. Art. 13 governs the computation of time for delays or other acts under this Code. Pertinently to the present issue, this article provides that `the date of the act, event or default after which the period begins to run is not to be included' in computing a three-day delay (although, if not a holiday, `the last day of the period' is to be included). The date of the sentencing was May 24, 1971. Since the delay began to run on this date, it is not to be included. Article 873 provides that `at least three days shall elapse between the conviction and sentence'. The general rule is that the use of the word `between' in designating a period of time, bounded by two specified dates or events, excludes both terminal dates, 86 C.J.S. `Time' § 13(6) (citing decisions from three states and referring to an old footnote at 62 C.J. 897 citing decisions from eleven states), although general rule need not be followed where a statute specifies otherwise . . ."
Since the present statute (Article 873) provides that "at least three days must elapse between the conviction and the sentence" (i. e., not providing a delay "within which" an act must be accomplished), the statutory intent reflected is that, after the date of the conviction, three days, see Article 13(3) must elapse before (i. e., following which, see 86 C.J.S. "Time" § 13(4)) the sentence may be imposed. Under this view, following the conviction of July 29, Thursday, at least three days (excluding Saturday and Sunday) must "elapse" (i. e., "expire", "intervene", "pass", 14 Words and Phrases "Elapse") before the date of the sentence. Thus, the sentence imposed on August 2, Monday, was premature by one day.
*407 Therefore, we note, ex proprio motu, that the sentence is void, since imposed before expiration of the three-day delay and without waiver of same.
For the reasons assigned, the sentence is annulled and set aside and the case is remanded to the Criminal District Court, Parish of Orleans Section "J" for re-sentencing in conformity with the law.