398 So.2d 1112 (1981)
STATE of Louisiana
v.
David WILLIAMS.
No. 80-K-2840.
Supreme Court of Louisiana.
May 18, 1981.
*1113 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., David J. Cortes & Louise Korns, Asst. Dist. Attys., for plaintiff-relator.
Morris Hyman, Orleans Indigent Defender Program, New Orleans, for defendant-respondent.
DENNIS, Justice.[*]
Defendant, David Williams, was charged by bill of information with possession of pentazocine, La.R.S. 40:969, and moved to suppress evidence. After a hearing, the trial judge granted defendant's motion without stating reasons. We granted the state's application for writs and now reverse the ruling of the trial judge.
The only evidence educed at the motion to suppress hearing was the testimony of the two arresting officers. The testified that they observed the defendant smoking a cigarette in a manner characteristic of marijuana users on a city street in New Orleans after one o'clock in the morning. As they approached in their unmarked police vehicle, the defendant threw the cigarette down and began to walk away. The officers stopped and got out of their vehicle. One policeman retrieved the cigarette and determined it was marijuana and the other officer then arrested the defendant. Subsequent to the arrest, the officers frisked the *1114 defendant and found in his pants pocket a brown envelope similar to those used by traffickers of tolwin and pyrobenzamine, or, in the argot of the drug milieu, Ts and Blues. Inside the envelope the officers discovered a substance resembling Ts and Blues.
The defendant successfully moved the trial court to suppress the envelope and its contents as evidence. We granted the state's application for writs to determine whether the evidence was seized as an incident of a lawful arrest. The issues presented are (1) whether the officers acted lawfully in picking up the marijuana cigarette and arresting the defendant; and (2) if so, whether the subsequent search and seizure fell within the ambit of the incidents of a lawful arrest.
When officers do not have the right to make an investigatory stop, property abandoned or otherwise disposed of as a result thereof cannot be legally seized by the police officers. If, however, property is abandoned without any unlawful intrusion into a citizen's right of freedom from governmental interference, then such property may be lawfully seized. State v. Chopin, 372 So.2d 1222 (La.1979); State v. Ryan, 358 So.2d 1274 (La.1978); State v. Perique, 340 So.2d 1369 (La.1976); State v. Lawson, 256 La. 471, 236 So.2d 804 (La.1970).
When a custodial arrest is made, there is always some danger that the person arrested may seek to use a weapon, or that evidence may be concealed or destroyed. To safeguard himself and others, and to prevent the loss of evidence, it is reasonable for the arresting officer to conduct a prompt, warrantless "search of the arrestee's person, and the area `within his immediate control'construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence." United States v. Chadwick, 433 U.S. 1, 14, 97 S.Ct. 2476, 2485, 53 L.Ed.2d 538, 550 (1977); Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); State v. Clift, 339 So.2d 755 (La. 1976).
A search incident to a lawful arrest not only may be conducted without a warrant, but it may also be made whether or not there is probable cause to believe that the person arrested has a weapon or is about to destroy evidence. "The potential dangers lurking in all custodial arrests make warrantless searches of items within the `immediate control' area reasonable without requiring the arresting officer to calculate the probability that weapons or destructible evidence may be involved." United States v. Chadwick, supra; United States v. Robinson, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973).
Applying these rules to the present case, it is clear that the evidence was seized pursuant to a lawful arrest of the defendant. The officers did not make an investigatory stop or approach the defendant until he had abandoned the cigarette. The defendant discarded his cigarette and walked away before the officers had even stopped their automobile and alighted. The officers, therefore, were entitled to inspect the cigarette as abandoned property. Upon inspecting the cigarette and determining that it was indeed marijuana, the officers had probable cause to arrest the defendant for unlawful possession of a controlled dangerous substance. The arrest, which was not effected until probable cause arose, led to a lawful search incident to an arrest and consequent lawful seizure of contraband.
Accordingly, the ruling of the trial judge suppressing the evidence is reversed, and the case is remanded for further proceedings.
REVERSED AND REMANDED.
NOTES
[*] The Honorables Pike Hall, Jr., Charles A. Marvin and Jasper E. Jones of the Court of Appeal, Second Circuit, participated in this decision as Associate Justices pro tempore, joined by Associate Justices Pascal F. Calogero, Jr., James L. Dennis, Fred A. Blanche, Jr., and Harry T. Lemmon.