444 So.2d 772 (1984)
STATE of Louisiana
v.
Stanley HARPER.
No. KA 1059.
Court of Appeal of Louisiana, Fourth Circuit.
January 12, 1984.
Harry F. Connick, Dist. Atty. for the Parish of Orleans, William R. Campbell, Jr., and John H. Craft, Asst. Dist. Attys., New Orleans, for state.
Walter L. Sentenn, Jr., Dwight Doskey, New Orleans, for defendant-appellee.
Before BYRNES, LOBRANO and WILLIAMS, JJ.
BYRNES, Judge.
Defendant, Stanley Harper, was convicted of theft of property in the amount of $650.00, a violation of La.R.S. 14:67. He was sentenced as a second offender to 5 *773 years at hard labor with credit for time served. On appeal, Harper asks this court to review the record of his conviction for errors patent.

FACTS
On October 27, 1982 David Gross observed two black males loading armfuls of clothing into a blue Maverick parked next to Collections III, a clothing store in the Riverbend Shopping Area. Sara Warren, a saleswoman at Collections III, also observed two men carry merchandise from the store into the same blue Maverick. She also observed a black female get into the car. Both Mr. Gross and Ms. Warren wrote down the car's license plate number. Ms. Warren called the police.
Shortly thereafter the police stopped a car which fit the description given by Ms. Warren. There were two black males and a black female in the car, as well as several articles of clothing with price tags still on them. Ms. Warren and the manager of Collections III were taken to where the car was stopped. Ms. Warren identified the defendant as one of the men she had seen in front of the store earlier. The manager identified one of the men and the woman as having been in the store two days before the incident. At trial, Ms. Warren again identified the defendant. The arresting officers also testified that the defendant was one of the men who had occupied the stopped car. Photographs of the Maverick, its license plate, and the merchandise found in the car were also introduced at trial.
One of the arresting officers testified that six skirts were recovered from the car. The other arresting officer, Ms. Warren and the manager of Collections III all testified that approximately ten skirts had been recovered. The State had retained only two of the merchandise tags from these articles. A six man jury unanimously concluded that Harper was guilty of theft of property valued at $650.00 (ten skirts, valued at $65.00 each).

ERRORS PATENT
Defendant was convicted on January 24, 1983, and was sentenced on January 27, 1983. He was resentenced as a second offender on February 28, 1983. Code of Criminal Procedure Article 873 requires that, "If a defendant is convicted of a felony at least three days shall elapse between conviction and sentence...." This three day delay commences on the day after the conviction. State v. Johnson, 275 So.2d 405 (La.1973).
It is clear from the face of the record that the defendant was sentenced before this mandatory three day delay had passed. However, it is not clear that this error by the trial judge warrants reversal or remand.
At sentencing, no objection was made concerning the failure to observe Article 873 delays. There has been no showing that the defendant was prejudiced in any way by the trial court's failure to observe these delays. Moreover, defendant was resentenced as a multiple offender on February 28, 1983, some 34 days after his conviction. Thus, even though defendant's original sentence was prematurely fixed it appears that his final sentence was imposed well after the delays mandated by C.Cr.P. Art. 873.
In deciding whether an error patent on the face of the record requires reversal... "it must be evaluated in the light of its potential impact on the fairness of the proceedings." State v. White, 404 So.2d 1202 (La.1981). C.Cr.P. Art. 921 clearly states that, "A judgment or ruling shall not be reversed by an appellate court because of any error, defect, irregularity, or variance which does not affect substantial rights of the accused." (Emphasis added)
In this case, there has been no showing that the defendant's rights were prejudiced in any way by his premature sentencing. Accordingly, we conclude that while the imposition of sentence on the defendant before the statutorily required delays was error, that error did not affect substantial rights of the defendant and therefore does not warrant reversal.
*774 We have also reviewed the record for sufficiency of evidence and find that a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found that the essential elements of the offense were proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1970). State v. Edwards, 400 So.2d 1370 (La.1981).
Defendant's conviction and sentence are affirmed.
AFFIRMED.