YELVERTON, Judge.
Defendant, Clarence Willis, was convicted of second degree murder and given the mandatory sentence of life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence (LSA-R.S. 14:30.1). He has appealed the conviction and briefed five assignments of error.
We do not consider these assignments because we find an error patent on the record requiring remand. The error consists of the failure of the trial court to comply with the unwaived three-day delay in sentencing required by Louisiana Code of Criminal Procedure Article 873. This article reads:
“If a defendant is convicted of a felony, at least three days shall elapse between conviction and sentence. If a motion for a new trial, or in arrest of judgment, is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled. If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately.”
The minutes show that Willis was convicted by a jury on Thursday, April 7, 1983. He was sentenced on Monday, April 11, 1983. The delay was less than three days. State v. Johnson, 275 So.2d 405 (La.1973), holds that a sentence on Monday following a conviction on Thursday is premature [Saturday and Sunday are not counted, C.Cr.P. Art. 13(3)]. Unless the delay is waived by the defendant, a sentence imposed before expiration of the delay is void. State v. Johnson, supra; State v. Augustine, 263 La. 977, 270 So.2d 118 (1972). The record does not disclose any waiver by the defendant of the three-day delay. Therefore, based on the two cases cited above, we must hold that the sentence is void.
The sentence in the instant case has not been challenged. If the conviction stands, the sentence is mandatory. We have accordingly considered whether it is a useless formality for us to remand for reimposition of the same sentence. Our concern in this regard is inspired by State v. White, 404 So.2d 1202 (La.1981), which held that the failure to wait twenty-four hours as required by C.Cr.P. Art. 873 after denial of post-trial motions before sentencing was not reversible, because there was no showing or suggestion that defendant was prejudiced by the failure to observe the delay.
We have concluded that the rationale of the White case, supra, which treats the twenty-four hour delay, is not applicable to the three-day delay provided by Art. 873. The difference lies in the purpose of the delay periods. The first delay is between conviction and sentence and its purpose is to afford an opportunity to defendant to file post-trial motions authorized by *172 law, including the motion for a new trial. State v. Woods, 220 La. 162, 55 So.2d 902 (1951); see also Official Revision Comment (a) to Article 873. The denial of the statutorily granted minimum time to file post-trial motions is prejudicial on its face. The second time period, twenty-four hours between denial of post-trial motions and sentence, relates only to sentencing and unless the sentence is challenged, no prejudice results from failure to observe that delay.
The instant case involves the delay period of three days which was not waived by defendant. Because he was never given the opportunity to file post-trial motions before sentencing, we must declare the sentence void and remand for resentencing in accordance with the law.
For these reasons, the sentence is annulled and set aside, and the case is remanded to the Ninth Judicial District Court, Parish of Rapides, for resentencing in conformity with the law.
SENTENCE ANNULLED AND CASE REMANDED FOR RESENTENCING.