463 So.2d 50 (1985)
STATE of Louisiana
v.
Louberta ROBINSON.
No. 84-KA-453.
Court of Appeal of Louisiana, Fifth Circuit.
January 14, 1985.
*51 John M. Mamoulides, Dist. Atty., Dorothy Pendergast, Asst. Dist. Atty., Gretna, for plaintiff-appellee.
John H. Craft, I.D.B., Gretna, for defendant-appellant.
Before BOUTALL, GRISBAUM and DUFRESNE, JJ.
DUFRESNE, Judge.
The defendant, Louberta Robinson, was charged with public bribery, R.S. 14:118. She was arraigned and entered a plea of not guilty. The defendant waived her right to a trial by jury and trial was held on May 1, 1984. She was found guilty as charged and after a pre-sentence investigation, was sentenced to one year in Parish Prison. The sentence was suspended and she was placed on active probation for one year, special condition being that the defendant maintain her children, have no contact with the person she attempted to bribe and pay court costs and fees of $127.50 within 90 days. From this conviction and sentence she now appeals.

FACTS
The defendant's husband was charged with the armed robbery of a Texaco Service Station. Myron Walker was an employee of the service station and was present when the alleged armed robbery took place. While the robber actually confronted the manager of the station, Walker noticed what was taking place and got a good look at the perpetrator.
Approximately two weeks before the trial on the armed robbery commenced, the defendant twice approached Walker and offered him $300.00 on the condition that he testify that her husband was not the perpetrator of the armed robbery. Walker, who did not know Robinson and had never seen her before, refused to accept her proposal.
On the morning of the trial of the armed robbery, Walker informed the Jefferson Parish Sheriff's Office that he had seen the woman who had made the proposal in the hallway outside the courtroom. As there were several people outside the courtroom, Walker was asked to identify the woman who made the proposal to him. Robinson was then arrested on charges of public bribery.
On appeal, the defendant assigns as error any and all errors patent on the face of the record.

ASSIGNMENT OF ERROR
In an error patent review, the record is reviewed for any error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence. See C.Cr.P. art. 920.
The record in the present case reveals that the defendant appeared at a sentencing hearing and before the hearing began, presented a motion for a new trial. The motion was denied and Robinson was sentenced. A review of the record and sentencing transcript does not indicate that Robinson waived sentencing delays as required by La.C.Cr.P. art. 873.
Art. 873 provides as follows:
If a defendant is convicted of a felony, at least three days shall elapse between conviction and sentence. If a motion for a new trial, or in arrest of judgment, is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled. If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately.
*52 Jurisprudence prior to 1980, had consistently held that failure to comply with the twenty-four hour delay was error which voided a sentence, requiring that the defendant be resentenced. See State v. Bell, 377 So.2d 275 (La.1979); State v. Hopkins, 351 So.2d 474 (La.1977). Later cases have moved away from such a strict application of the twenty-four hour delay requirement, holding that a defendant is entitled to resentencing only when there is a showing of prejudice as a result of failure to comply with the rule. See State v. White, 404 So.2d 1202 (La.1981).
In the present case, over a month passed between Robinson's conviction and sentence. In light of the fact that a pre-sentence investigation report was ordered, there are no indications that the defendant's sentence was hurriedly imposed without due consideration. Furthermore, Robinson does not argue or in any way show that she was actually prejudiced by the failure of the trial court to observe the waiting period.
As held in State v. Brogdon, 426 So.2d 158 (La.1983), unless the defendant shows actual prejudice, failure to observe the 24 hour delay is harmless error.
Further review of the record does not reveal any other error on the face of the record.
Although not assigned as error, we have reviewed the record for sufficiency of evidence as required by State v. Raymo, 419 So.2d 858 (La.1982).
Robinson was charged with violating R.S. 14:118, which provides in pertinent part:
Public bribery is the giving or offering to give, directly or indirectly, anything of apparent present or prospective value to any of the following persons, with the intent to influence his conduct in relation to his position, employment, or duty:
....
(4) Witness, or person about to be called as a witness, upon a trial or other proceeding before any court, board, or officer authorized to hear evidence or to take testimony.
Therefore, to uphold Robinson's conviction, this court must determine that, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found that the prosecution proved beyond a reasonable doubt that Robinson offered something of value to Walker with the specific intent to influence his testimony at the trial of Robinson's husband.
Walker testified that the defendant offered him $300 in exchange for testimony that the perpetrator of the armed robbery was not her husband.
The defendant testified that she was married to the alleged armed robber and knew that he might be sent to jail for a very long time if convicted. She stated that she did not offer Walker $300 to change his testimony, but that he offered not to testify if she "went to bed" with him. Under cross-examination, she testified that if she thought giving Walker $300 would save her husband, she would have paid it.
The trial judge accepted Walker's version of the events as correct. The defendant was the one who had reason to lie; she knew her husband faced a long prison term and stated she would do anything to help him.
Robinson's conviction was based on a credibility choice by the trier of fact. On appeal, our function is not to reassess the credibility determination of the fact finder, but only to determine if the evidence offered was sufficient to support the conviction as required by Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
Accordingly, we conclude that the evidence was sufficient to find the defendant guilty beyond a reasonable doubt of the offense of public bribery.
For the above reasons, the conviction and sentence are affirmed.
AFFIRMED.