474 So.2d 546 (1985)
STATE of Louisiana, Plaintiff-Appellee,
v.
Elliot MINOR, Defendant-Appellant.
No. CR84-868.
Court of Appeal of Louisiana, Third Circuit.
August 22, 1985.
Rehearing Denied September 16, 1985.
Writ Denied November 15, 1985.
*547 Linda Veazey, Abbeville, for defendantappellant.
Marc T. Amy, Asst. Dist. Atty., Abbeville, for plaintiff-appellee.
Before STOKER, LABORDE and YELVERTON, JJ.
LABORDE, Judge.
Defendant Elliot Minor was charged by amended bill of information with seven counts of simple burglary of an inhabited dwelling. See La.R.S. 14:62.2. On May 9, 1984, a unanimous twelve person jury found Elliot Minor guilty as charged on counts one and two and not guilty on counts three through seven. Thereafter, the court sentenced Mr. Minor to serve ten years at hard labor for each of the two counts for which he was convicted; the two sentences to run concurrently with each other and with any other sentence defendant had previously received.[1] The first *548 year is to be served without benefit of parole, probation or suspension of sentence. Defendant appeals relying on two assignments of error. We affirm.

FACTS
Ray Gaspard, a detective with the city of Abbeville, received information from an informant regarding stolen property. The property was discovered to be that taken during a series of burglaries that Detective Gaspard was investigating. As a result of the investigation, Elliot Minor, the defendant, and Minos Willis, a witness at trial, were arrested for the burglaries. Willis testified to participating in the two burglaries for which defendant was convicted. Willis' testimony was the primary evidence that convicted Minor. Minor contends the trial court made two reversible errors. They are:
1. The trial court erred in failing to permit defendant the full twelve peremptory challenges required by La.C. Cr.P. art. 799 at the time the alleged offense occurred which were "fixed" under LSA-Const. Art. 1, Sec. 17 and such was a denial of the defendant's constitutional rights to a fair and impartial jury under the United States and the Louisiana Constitutions.
2. The trial court erred in denying a post-verdict judgment for acquittal or a new trial in that the verdict was contrary to the law in that no evidence whatsoever was presented by the State showing that Elliot Minor was one of the persons who was alleged to have committed the simple burglaries charged other than statements by Minos Willis, who was previously convicted of burglary.

ASSIGNMENT OF ERROR NO. 1
By this assignment of error defendant urges that he had a vested right to twelve peremptory challenges because, at the time the alleged crimes were committed, La.C. Cr.P. art. 799 provided for that number of challenges.[2] LSA-Const. Art. 1, Sec. 17, states that "the number of challenges shall be fixed by law" (emphasis added). Defendant argues that the language in the above constitutional article causes the number of peremptory challenges designated in criminal procedure article 799 to be a vested right and, once attached, not subject to change. Defendant supports this argument with the definition for "fix" or "fixed" found in Webster's Dictionary and Black's Law Dictionary. Defendant alleges further that liability for criminal conduct attaches at the time the crime is alleged to have occurred and, in the present case, as a prerequisite to his constitutional right to a fair and impartial jury, the number of peremptory challenges was "fixed" at twelve in August and December 1982.
Although the exercise of peremptory challenges is a substantial right, the number of challenges to be made is a procedural matter. State v. Floyd, 458 So.2d 597, 600 (La.App. 3rd Cir.1984). Thus, a change in the number of peremptory challenges may have retroactive effect without violating the constitutional prohibition against ex post facto laws because a change in the number of peremptory challenges does not materially impair the right of a defendant to have his guilt determined according to the law as it existed when the offense was committed. Id.; State v. Ledet, 458 So.2d 1024, 1030 (La.App. 3rd Cir. 1984), writ denied, 462 So.2d 1263 (La. 1985). Consequently, this assignment of error lacks merit.

*549 ASSIGNMENT OF ERROR NO. 2
Defendant argues that there was insufficient evidence to convict him and, therefore, he should have been granted either a post verdict judgment of acquittal or a new trial. Defendant asserts that the testimony of Minos Willis, who admitted to at least two of the burglaries, was insufficient to prove that defendant was involved in the burglaries. Defendant does not dispute that the State proved beyond a reasonable doubt that the two burglaries were committed. The only issue is whether the prosecution proved that defendant committed the two burglaries.
When allegations are made that the evidence is insufficient to support the verdict, the standard of review is that enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). See State v. Williams, 420 So.2d 1116 (La.1982). Applying the Jackson standard to the question of identity, the question to be asked is whether any rational fact finder, viewing the evidence in the light most favorable to the prosecution, could have found beyond a reasonable doubt that defendant committed the burglaries.
Willis testified that he and defendant perpetrated the two burglaries. A color television set taken from one of the houses was recovered from the person to whom, according to Willis, he and defendant had sold the set. Willis' testimony was somewhat inconsistent and as an admitted thief, he was perhaps not an entirely reliable witness. However, the determination of the weight and credibility of a witness' testimony is a function of the trier of fact. See State v. Smith, 445 So.2d 521, 524 (La.App. 3rd Cir.), writ denied, 449 So.2d 1346 (La.1984).
We shall not overturn conclusions drawn by the trier of fact unless it is unsupported by the evidence. Id. In the present case, our review of the record shows that the evidence presented at trial supports the conclusions rendered by the jury. Thus, viewing the evidence in the light most favorable to the prosecution, a rational finder of fact could have found beyond a reasonable doubt that defendant Elliot Minor committed the burglary. This assignment of error lacks merit.
Based on the above reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] The trial court failed to observe the mandatory 24-hour delay in sentencing required by La.C. Cr.P. art. 873. Defendant was sentenced immediately after the trial court denied his motion for a new trial. According to State v. White, 404 So.2d 1202, 1204-05 (La.1981), this does not require remanding for resentencing unless prejudice is shown. In the instant case, there has been neither an objection contending nor a suggestion showing that defendant was prejudiced by the failure to observe the delay and, upon our review, we have not found any prejudice resulting from such failure.
[2] The crimes were committed in 1982. Acts 1983, No. 495, Sec. 1, which amended La.C.Cr.P. art. 799 and which reduced the number of peremptory challenges from twelve to eight, became effective August 30, 1983. Defendant's trial began on May 8, 1984.