SCHOTT, Judge.
Defendant was convicted of possession of phencyclidine (R.S. 40:966) and sentenced as a third offender to six years at hard labor without benefit of parole or good time. We have examined the record for errors patent and found none. By his sole assignment of error defendant contends his motion to suppress evidence was erroneously denied.
On July 31, 1986 at about 5:00 p.m. two New Orleans police officers were on patrol in a marked police car on Esplanade Avenue when they noticed a Pinto automobile parked on the sidewalk in front of an apartment complex on the other side of the avenue. They went forward to the next intersection, began to turn around through the neutral ground, and came to a stop there observing the Pinto. Standing beside the Pinto was the defendant holding a brown paper bag. When he saw the police he leaned into the car and appeared to say something to its three occupants whereupon they all turned and looked at the police. The defendant immediately walked toward the apartment complex and returned without the bag. The officers completed their “U” turn and proceeded past the Pinto when they saw one of the Pinto’s passengers throw a brown paper bag under the car. The police stopped just ahead of the Pinto, walked back to it, and retrieved the bag from under it. The bag contained what appeared to be drugs. One of the officers walked toward the apartment complex and found a brown paper bag under the front wheel of a car in the parking lot. This was the same area where defendant had gone with a bag and returned without it a few moments before. This bag also contained what appeared to be drugs. Thereupon, defendant was arrested.
Defendant contends he was illegally stopped because he and his companions had done nothing to warrant interference from the police. Defendant’s rights were not violated just because the officers initially approached him and his companions. State *571 v. Belton, 441 So.2d 1195 (La.1983). They did not detain defendant until after they retrieved the bag he had discarded and found that it probably contained drugs. Under these circumstances the trial court properly denied defendant’s motion to suppress.
AFFIRMED.