517 So.2d 1216 (1987)
STATE of Louisiana
v.
Anthony TARTO.
No. KA-7378.
Court of Appeal of Louisiana, Fourth Circuit.
December 15, 1987.
Harry F. Connick, Dist. Atty., Terry M. Boudreaux, Asst. Dist. Atty., New Orleans, for plaintiff.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant.
Before BARRY, LOBRANO and WARD, JJ.
BARRY, Judge.
A jury convicted the defendant of crime against nature, La.R.S. 14:89, and he was *1217 sentenced as a third offender to two years, six months at hard labor. His only assignment of error, which relates to his multiple offender adjudication, is not considered because we must remand for resentencing.
The defendant was convicted on December 3, 1986 and sentenced on December 5, 1986. Three days did not elapse as mandated by La.C.Cr.P. Art. 873, which provides:
If a defendant is convicted of a felony, at least three days shall elapse between conviction and sentence. If a motion for a new trial, or in arrest of judgment, is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled. If the defendant expressly waives a delay provided for in the article or pleads guilty, sentence may be imposed immediately.
The minute entry stating "the defendant waived a delay in sentencing" is contradicted by the transcript and the docketmaster which do not mention a waiver. The transcript controls over a minute entry whenever there is a discrepancy. State v. Lynch, 441 So.2d 732 (La.1983).
Although the defendant did not object at sentencing or urge the error on appeal, the trial court's failure to observe the three day delay is discoverable by mere inspection of the record. La.C.Cr.P. Art. 920(2).
In recent jurisprudence the failure to wait the mandatory twenty-four hours after the denial of a motion for new trial, or a motion in arrest of judgment before imposition of sentence, has been held to be an error patent but harmless when no prejudice was shown. State v. White, 404 So.2d 1202 (La.1981); State v. Hancock, 502 So. 2d 1098 (La.App. 4th Cir.1987); State v. Martin, 483 So.2d 1223 (La.App. 4th Cir. 1986); State v. Marshall, 479 So.2d 598 (La.App. 1st Cir.1985); State v. Minor, 474 So.2d 546 (La.App. 3rd Cir.1985), writ denied 478 So.2d 144 (La.1985); State v. Robinson, 463 So.2d 50 (La.App. 5th Cir.1985); State v. Patterson, 459 So.2d 714 (La.App. 4th Cir.1984). Even when assigned as error, courts have required a showing of some actual prejudice before remanding for resentencing. State v. Colvin, 452 So.2d 1214 (La.App. 2d Cir.1984), writ denied 457 So.2d 1199 (La.1984), relying upon dicta in State v. Brogdon, 426 So.2d 158 (La.1983).
The rationale of the cases discussing the twenty-four hour delay is not applicable to the three day delay because the purpose of each time period is different. The twenty-four hour delay required between denial of post-trial motions and sentence relates only to sentencing and cannot result in prejudice unless the sentence is challenged. State v. Willis, 445 So.2d 170 (La.App. 3rd Cir.1984). See also State v. White, supra.
The purpose of the three day delay between conviction and sentence is to allow the defendant time to file post-trial motions, including a new trial motion which must be filed between verdict and sentence. If the defendant does not expressly waive the delay, a sentence imposed within the three day period is void. Official Revision Comments (a) and (c) to La.C.Cr.P. Art. 873; State v. Johnson, 275 So.2d 405 (La. 1973); State v. Augustine, 263 La. 977, 270 So.2d 118 (1972).[1]
The sentence is vacated and the case remanded for resentencing in accordance with law.
SENTENCE VACATED; REMANDED FOR RESENTENCING.
WARD, Judge, dissenting.
I dissent from the opinion of the majority because the transcript of the multiple bill and sentencing hearing corroborates the minute entry which states that the defendant waived the three day delay. At the beginning of the hearing, the transcript shows that defense counsel said, "Your Honor, we are ready for sentencing."
There are no magic words to indicate waiver of the three day delay before sentencing. *1218 When defendant's attorney announced "We are ready for sentencing," this was sufficient. See, State v. O'Neal, 328 So.2d 100 (La.1976).
Additionally, the defendant was informed by the Trial Judge that he had a right to a hearing on the multiple bill, and he was asked if he desired a hearing. When he responded by waiving the hearing on the multiple bill this too indicated he waived the three day delay, and was ready for sentencing.
NOTES
[1] In State v. Harper, 444 So.2d 772 (La.App. 4th Cir.1984), this court faced trial court failure to observe the three day delay before the defendant's sentencing. However, that sentence had already been vacated and the defendant resentenced as a multiple offender 34 days after conviction.