572 So.2d 1187 (1990)
STATE of Louisiana
v.
Anthony C. BARRA.
No. 89-KA-2210.
Court of Appeal of Louisiana, Fourth Circuit.
December 27, 1990.
Writ Denied March 22, 1991.
*1188 Harry F. Connick, Dist. Atty., David L. Arena, Asst. Dist. Atty., New Orleans, for plaintiff/appellee.
Sherry Watters, Orleans Indigent Defender Program, New Orleans, for defendant/appellant.
Before BARRY, WILLIAMS and PLOTKIN, JJ.
BARRY, Judge.
The defendant was convicted of being a convicted felon in possession of a firearm, La.R.S. 14:95.1, and sentenced to serve ten years at hard labor without benefit of probation, parole or suspension of sentence.

FACTS
At the motion to suppress hearing and trial Officer Dean testified that on May 25, 1983 he and Officer Fitzpatrick were patrolling in an unmarked car which had a portable blue light on the dashboard. Officer Fitzpatrick, the driver, was in uniform and Officer Dean was in plain clothes.
The officers observed three male subjects and when the police car was alongside where the men were standing on the sidewalk the defendant darted toward a nearby van after momentary eye contact with the officers. He reached in his waistband and appeared to throw something beneath the van about five or six feet away, and then returned to the group. Officer Dean heard something heavy hit the ground. The officers found the defendant's actions suspicious and they got out of their car and told the three men to freeze. Officer Dean looked beneath the van where the defendant had crouched and retrieved a loaded.32 caliber revolver.
The other two subjects were frisked but nothing was found. The defendant was arrested, advised of his rights, and his name was run through the computer. Although he was originally arrested for carrying a concealed weapon, the charge was changed to being a convicted felon in possession of a weapon when a prior conviction for possession of Talwin was found in his record. Both officers identified the defendant in court.
There was a stipulation that the defendant was the same Anthony Barra who pleaded guilty to possession of Talwin on August 24, 1982. The defendant also admitted during his testimony that he pleaded guilty to burglary of a vehicle in 1973 and was convicted of simple burglary and possession *1189 of stolen property in 1974 and burglary of a business in 1979.
The defendant testified that he was walking toward Esplanade on his usual route to his girlfriend's house when two men began walking several feet behind him. One man he knew casually, but the other one he did not know at all. Just as he slowed to talk to them, the police officers yelled for him to stop. He claimed he was not carrying a gun and never saw the gun until lock-up.
The defendant's out-of-time appeal argues:
1) the delay in lodging his appeal denied him due process;
2) the motion to suppress should have been granted.

ASSIGNMENT NO. 1

Appellate Delay
The defendant points out that his appeal was delayed for a number of years. The delay was due to lower court clerical errors, court reporter problems, and other factors.
The defendant does not show prejudice and there is no precedent to reverse his conviction.

ASSIGNMENT NO. 2

Motion To Suppress
The defendant argues that the officers did not have reasonable cause to make an investigatory stop and the evidence should have been suppressed.
When reviewing the denial of a motion to suppress an appellate court is not limited to the evidence adduced at the hearing, but may consider all pertinent evidence presented at trial. State v. Beals, 410 So.2d 745 (La.1982); State v. Chopin, 372 So.2d 1222 (La.1979).
Generally, people are protected against unreasonable searches and seizures. U.S. Const.Amend. IV; La. Const. Article I § 5. However, a law enforcement officer has a right to stop and interrogate a person reasonably suspected of criminal conduct. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Belton, 441 So.2d 1195 (La.1983), cert. denied 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). A police officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and he may demand the name, address and an explanation of the person's actions. La.C.Cr.P. Art. 215.1.
Every encounter between police officers and the public is not considered such a stop. As long as the individual remains free to disregard the officer's questions and walk away, there has been no intrusion upon that person's liberty which would require a particularized objective justification. If in view of all the surrounding circumstances a reasonable person would have believed that he was free to leave, there has been no seizure. United States v. Mendenhall, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980); Michigan v. Chesternut, 486 U.S. 567, 108 S.Ct. 1975, 100 L.Ed.2d 565 (1988); State v. Lanter, 391 So.2d 1152 (La.1980).
Reasonable cause for an investigatory stop is something less than probable cause and must be determined under the facts of each case. The officer must have sufficient knowledge of facts and circumstances to justify an infringement on the individual's right to be free from governmental interference. State v. Ossey, 446 So.2d 280 (La.1984), cert. denied 469 U.S. 916, 105 S.Ct. 293, 83 L.Ed.2d 228 (1984). The detaining officers must have knowledge of specific, articulable facts which, if taken together with rational inferences from those facts, reasonably warrant the investigatory stop. State v. Flowers, 441 So.2d 707 (La.1983), cert. denied 466 U.S. 945, 104 S.Ct. 1931, 80 L.Ed.2d 476 (1984); State v. Gervais, 546 So.2d 215 (La.App. 4th Cir.1989). Flight, nervousness, or a startled look or behavior at the sight of police is itself insufficient to justify such a stop. State v. Chopin, 372 So.2d 1222 (La.1979).
If property is abandoned without any prior unlawful intrusion into a citizen's right to be free from governmental interference, the property may be lawfully *1190 seized. State v. Wheeler, 416 So.2d 78 (La.1982); State v. Williams, 398 So.2d 1112 (La.1981). However, when a citizen is actually stopped without reasonable cause and the right to be left alone violated, the abandoned property is illegally seized. State v. Belton, 441 So.2d at 1195; State v. Andrishok, 434 So.2d 389 (La.1983).
In State v. Santamarina, 514 So.2d 570 (La.App. 4th Cir.1987), a police car passed the defendant who was standing next to a parked car. The police car went forward to the next intersection, began to turn and stopped to observe the other vehicle. Standing beside the parked car, the defendant was holding a brown bag. When he saw the police, he appeared to alert the occupants of the other vehicle, walked toward a nearby apartment complex, and returned without the bag. Ultimately the officers retrieved a brown bag discarded by the defendant near the complex and another bag thrown from the vehicle. This Court held that the mere approach of the police officers did not constitute a stop or interfere with the defendant's privacy rights. The bag was discarded prior to any police detention and therefore a motion to suppress was properly denied.
In Michigan v. Chesternut, 486 U.S. at 567, 108 S.Ct. at 1975, patrolling police officers in a marked car observed a car pull over and stop as one occupant exited and approached the defendant who was standing alone on the corner. Seeing the approaching police car, the defendant began running and the police followed by car, drove alongside for a short distance, and observed him throw down several packets. The Supreme Court concluded that the officers' actions had not violated the defendant's privacy rights or constituted a seizure.
Officers Fitzpatrick and Dean testified that they observed three male subjects standing in the middle of a block as they were patrolling. As one of the subjects, the defendant, briefly made eye contact with the officers, he darted from the group and crouched by a nearby van. Officer Dean testified that the defendant reached in his waistband and appeared to throw an object to the ground underneath the van. Officer Dean heard something hit the ground and at that point they had reasonable cause for a stop.
No investigatory stop occurred until after the defendant had thrown down and abandoned the gun under the van. The officers' actions in patrolling the street did not violate the defendant's privacy rights. The gun was abandoned without any prior unlawful intrusion into the defendant's right to be free from governmental interference. Because there was no seizure, no particularized objective justification is required.
The motion to suppress evidence was properly denied. This assignment of error lacks merit.

ERROR PATENT
There is an error patent pursuant to La. C.Cr.P. Art. 920(2).
The minute entries in the record indicate that the defendant was convicted on September 27, 1983 and he "announced readiness for sentence" and was sentenced on September 30, 1983.
La.C.Cr.P. Art. 873 provides:
If a defendant is convicted of a felony, at least three days shall elapse between conviction and sentence.... If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately.
The three day delay commences on the day after conviction. State v. Johnson, 275 So.2d 405 (La.1973); State v. Harper, 444 So.2d 772 (La.App. 4th Cir.1984).
The purpose of the three day delay is to allow the defendant time to file post-trial motions, including a new trial motion which must be filed between the verdict and the sentence. If the defendant does not expressly waive the delay, a sentence imposed within the three day period is void. La.C.Cr.P. Art. 873 Official Revision Comments (a) and (c); State v. Augustine, 263 La. 977, 270 So.2d 118 (1972); State v. Tarto, 517 So.2d 1216 (La.App. 4th Cir. 1987).
*1191 Because the record does not show an express waiver of the delay by the defendant, the sentence is void and must be vacated and the matter remanded for resentencing. State v. Tarto, 517 So.2d at 1217. See also State v. Dickerson, 538 So.2d 1063 (La.App. 4th Cir.1989); State v. Coleman, 514 So.2d 583 (La.App. 4th Cir. 1987), writ denied 543 So.2d 14 (La.1989); State v. Willis, 445 So.2d 170 (La.App. 3rd Cir.1984).
The defendant's conviction is affirmed. His sentence (which is technically void) is vacated and the case is remanded for resentencing.
CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.