LOBRANO, Judge.
The issue in this appeal is whether the State timely filed a Bill of Information charging Paul Washington with a violation of La.R.S. 14:35, simple battery.
On September 24, 1990 the State charged defendant, by Bill of Information, with simple battery which allegedly occurred on September 24, 1988. Pursuant to defendant’s motion to quash, the trial judge held that the State’s institution of prosecution was untimely. The court relied on Code of Criminal Procedure Article 572 and reasoned that since it conflicts with Article 13, any doubt should be resolved in favor of the defendant. The State perfects this appeal.
Simple battery is a misdemeanor, thus the time limitation of Article 572(3) is applicable. The pertinent provision is as follows:
“No person shall be prosecuted, tried, or punished for an offense not punishable by death or life imprisonment, unless the prosecution is instituted within the following periods of time after the offense has been committed:
* * * * * *
*754 (3) Two years, for a misdemeanor punishable by a fine or imprisonment or both;”
The State argues that the two year period for misdemeanor prosecution must be computed in accordance with the general rule of Code of Criminal Procedure Article 13. That article provides in pertinent part:
“In computing a period of time allowed or prescribed by law or by order of the court, the date of the act, event, or default after which the period begins to run is not to be included.”
Applying Article 13, the State asserts that the date the offense is committed is not included in computing the two year period. Thus, in the instant case the prescriptive period began September 25, 1988 and therefore the bill, filed September 24, 1990 was timely.
Defendant relies on that portion of the comments to Article 572 which states: “[t]his article carries forward the 1960 law which makes the time begin to run at the commission of the offense_” He argues that Article 13 is a general rule and should not be considered since Article 572 is specific, citing State v. Johnson, 275 So.2d 405 (La.1973), and State v. Augustine, 263 La. 977, 270 So.2d 118 (1972), on subsequent app. 555 So.2d 1331 (La.1990).
We find defendant’s reliance on the comment misplaced. The entire comment (a) reads as follows:
“This article carries forward the 1960 law, which makes the time begin to run at the commission of the offense, instead of at the time the offense is made known. Louisiana experienced long difficulty with the “made known” test, as explained in the Preliminary Statement.”
The preliminary statement [to Title XVII, Time Limitations] explains that the current “time of the offense” standard replaced the “made known” test as a means of easing the burden on the courts in determining a starting point for time limitations. Thus, the purpose of comment (a) is to explain to the reader why the phrase “after the offense has been committed” was substituted for “when the offense was made known.” In our opinion the comment provides the functional event date referred to in Article 13 used in computing time limitations. Applying the Article 13 guidelines, the two year limitation begins to run the day after the offense is committed.
Although defendant argues that Johnson and Augustine, supra, hold that the general rule of Article 13 should not be applied when there is a specific statute, a review of those cases indicates a contrary holding. In both cases the issue was the commencement and expiration date of the three day waiting period between conviction and sentencing. See, C.Cr.Pro. Art. 873. The court, relying on Article 13, held that neither the date of conviction nor the date of sentencing was to be included in computing the three days. Thus, in our opinion, those cases support our holding that the time period of Article 572 does not commence until the day after the offense is committed.
Accordingly, we reverse the trial court judgment, dismiss defendant’s motion to quash, and remand for further proceedings.
REVERSED AND REMANDED.