696 So.2d 111 (1997)
STATE of Louisiana
v.
Larry TANNER, Steve R. Pierce, Mario Catalanotto & Margaret Catalanotto.
No. 96-KA-0708
Court of Appeal of Louisiana, Fourth Circuit.
May 21, 1997.
*112 Sherry Watters, Orleans Indigent Defender Program, New Orleans, for defendants/appellants.
Harry F. Connick, District Attorney, Karen Godail, Area Assistant District Attorney, Orleans Parish, New Orleans, for State of Louisiana/appellee.
*113 Before BARRY, KLEES and JONES, JJ.
BARRY, Judge.
The defendants were charged with possession of heroin. La. R.S. 40:966 C(1). Their motions to suppress were denied. Steve Pierce, Larry Tanner, and Mario Catalanotto withdrew not guilty pleas, pleaded guilty, and reserved their rights under State v. Crosby, 338 So.2d 584 (La.1976). Margaret Catalanotto was tried and found guilty as charged.
Mario Catalanotto was sentenced to five years at hard labor without benefit of probation or suspension of sentence. Margaret Catalanotto was sentenced to four years at hard labor without probation or suspension of sentence. Steve Pierce was sentenced as a second offender (La. R.S. 15:529.1) to five years at hard labor without probation or suspension of sentence. Larry Tanner was sentenced to four years at hard labor without probation or suspension of sentence. Pierce, Mario and Margaret Catalanotto appeal and argue that the evidence should have been suppressed. Tanner did not appeal.[1]
At the motions hearing Officer O'Neal testified that he was doing a zone check on August 23, 1995 and obtained a printout of two outstanding warrants for Hilary Pierce Jr.[2] (a capias) and Beverly Pierce (an open NOPD item number) at 7119 Colapissa. On April 24, 1995 he and Officers Bush and Montalbano went to 7119 Colapissa and knocked on the front door. A passer-by told the officers that the residents used the side door under the carport. As the officers approached the side door, Larry Tanner was exiting. He closed a wooden door and was opening the screen door. When he saw the police he attempted to retreat into the apartment and dropped a $10 bill and a tinfoil packet which the officers suspected to be heroin. Officer Bush grabbed Tanner in the entryway while Officer Montalbano retrieved the tinfoil and $10 bill. The officers heard a commotion inside where people were moving around, and someone yelled to watch for the police.
Tanner was pushed inside into the foyer so that the three officers could remain in sight of each other for safety. The officers entered a small foyer with a washer and dryer and saw a large number of people in the one room efficiency to the right. Officer O'Neal did not recall a door, but there was an opening to the room. Mario and Margaret Catalanotto were standing at the foot of a waterbed. Lying on the bed was Steve Pierce. The individuals were attempting to hide and/or discard contraband. Mario Catalanotto discarded a cooker and a syringe. Steve Pierce discarded a film container with 15 foils. Margaret Catalanotto tried to push a $20 bill and a tinfoil between the waterbed and the frame. The officers saw drug paraphernalia in plain view on table tops and dressers.
Hilary Pierce, Sr. [Jr.] and Hilary Pierce, Jr. [III] exited the latter's room to the left where drug paraphernalia, a bottle with residue (cocaine), syringes, and empty foils were in plain view. Everyone was arrested and advised of their rights. Individual searches revealed that Hilary Pierce, Sr. [Jr.] had a crack pipe and Mario Catalanotto had a cigarette pack with a container of white powder (found to be heroin and cocaine). All suspects had track marks on their arms except Mario Catalanotto who stated that he used his legs.
Margaret Catalanotto went to trial and that testimony can be considered to determine whether the motion to suppress was properly denied as to evidence against her. See State v. Johnson, 557 So.2d 1030 (La. App. 4th Cir.1990). Officer Montalbano stated they were in plain clothes but their badges were visible. Tanner attempted to go inside and Officer Bush grabbed him. The officers heard the commotion, someone screamed "Police," and the officers entered. When asked to raise her hands, Margaret *114 Catalanotto reached down between the waterbed and the box. Officer Montalbano grabbed her hand (he thought she might be reaching for a gun) and saw a $20 bill and a small packet of heroin. Officer Bush stated that Officer Montalbano seized Tanner's money and foil while he grabbed Tanner and made him kneel until they were able to secure the apartment. Officer Bush observed the drug paraphernalia in the room to the right.
Mario Catalanotto testified that he was a drug addict and had stopped at the Pierce apartment to buy heroin, but he told Margaret that he was picking up tools. He claimed that Margaret did not buy heroin and he never saw her use heroin. In rebuttal the State had Margaret Catalanotto roll up her sleeves to show the jury track marks.

ERRORS PATENT
A review of the record reveals that Mario Catalanotto was not present at his arraignment as required by La.C.Cr.P. art. 831 A(1). Appointed counsel was present and pleaded not guilty for Catalanotto. Any irregularity in the arraignment is waived if the defendant pleads to the indictment without objecting. La.C.Cr.P. art. 555. Mario Catalanotto pleaded guilty without objection to his absence at the arraignment. The irregularity is waived.
There is an error in the commitment form for Margaret Catalanotto. According to the form she was sentenced to four years at hard labor without benefit of parole, probation, or suspension of sentence. The statute under which she was charged, La. R.S. 40:966, only provides for denial of probation and suspension of sentence. According to the minute entry and sentencing transcript, Margaret Catalanotto was denied probation or suspension of sentence. When there are discrepancies between a transcript and a minute entry or commitment form, the transcript prevails. State v. Fenner, 94-1498 (La.App. 4 Cir. 11/16/95), 664 So.2d 1315; State v. Boudreaux, 95-153 (La.App. 5th Cir. 9/20/95), 662 So.2d 22. There is no error in the sentence. However, it is ordered that Margaret Catalanotto's commitment form be corrected to deny benefit of probation or suspension of sentence.

MOTION TO SUPPRESS
Generally, there is a protection against unreasonable searches and seizures. U.S. Const. Amend. IV; La. Const. Art. I § 5. A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense. La.C.Cr.P. art. 215.1; Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). An officer may conduct a limited patdown frisk for weapons if he reasonably believes that he is in danger or that the suspect is armed. La.C.Cr.P. art. 215.1(B). Reasonable cause for an investigatory stop is something less than probable cause and must be determined under the facts of each case. The officer must have sufficient knowledge of facts and circumstances to justify an infringement on the individual's right to be free of governmental interference. State v. Matthews, 94-2112 (La. 4 Cir. 4/26/95), 654 So.2d 868; State v. Barra, 572 So.2d 1187 (La.App. 4th Cir.1990), writ denied 575 So.2d 822 (La.1991).
Searches are conducted pursuant to warrants issued by a judge or magistrate on the basis of probable cause. U.S. Const., Amend. 4; La. Const. art. I, § 5; La.C.Cr.P. art. 162. A recognized exception to the warrant requirement for entry into a building or protected area is a quick search for the presence of a perpetrator or a person in need, or to prevent destruction of evidence. State v, Johnson, 617 So.2d 18 (La.App. 4th Cir.1993); State v. Roebuck, 530 So.2d 1242 (La.App. 4th Cir.1988), writs denied 531 So.2d 764 (La.1988).
Probable cause does not justify entry into an area otherwise protected. Intrusion is justified if there is probable cause to arrest and exigent circumstances. State v. Rudolph, 369 So.2d 1320 (La.1979), cert denied, 454 U.S. 1142, 102 S.Ct. 1001, 71 L.Ed.2d 294 (1982). Examples of exigent circumstances include escape of a defendant, avoidance of a possible violent confrontation which could cause injury to the public or the police officers, and destruction of evidence. State v. Hathaway, 411 So.2d 1074 (La.1982). *115 Circumstances which may lead an officer to reasonably conclude that evidence will be destroyed before a search warrant can be obtained include: 1) the degree of urgency and the time necessary to obtain a warrant; 2) a reasonable belief that contraband is about to be removed; 3) the possibility of danger to officers guarding the site while a warrant is obtained; 4) information indicating that the perpetrators are aware that the police are on their trail; and 5) the ready destruction of contraband and the knowledge that efforts to dispose of the drugs and to escape are characteristic behavior of narcotics traffickers. State v. Sterling, 94-0794 (La.App. 4 Cir. 7/27/94), 641 So.2d 696, citing United States v. Rubin, 474 F.2d 262 (3rd Cir.1973). Exceptions to the warrant requirement are carefully drawn and the State must show that exigencies justify the intrusion. See State v. Welch, 449 So.2d 468 (La.1984); State v. Tatum, 466 So.2d 29 (La. 1985).
Tanner was stopped on private property. The officers had a right to be at the carport near the side door because they were executing warrants. The officers knocked at the front door with no answer. They had the right to enter the premises to execute the warrant for Pierce. When Tanner discarded money and a tinfoil packet then attempted to flee into the residence, the officers had reason to believe Tanner had engaged in a drug transaction inside the residence, from which they heard a number of people and a commotion. Probable cause and exigent circumstances justified their entry into the residence. Once inside the officers observed the suspects attempt to hide and discard tinfoil packets and currency. They found drug paraphernalia in plain view which they could seize.
The trial court properly denied defendants' motions to suppress. The guilty pleas of Steve Pierce and Mario Catalanotto and the conviction of Margaret Catalanotto are affirmed. The defendants' sentences are also affirmed.
The trial court is ordered to correct the commitment form of Margaret Catalanotto to provide that her sentence is to be served without benefit of probation or suspension of sentence.
AFFIRMED.
NOTES
[1] Counsel for Tanner moved for an appeal at sentencing. However, this Court dismissed Tanner's appeal because correspondence from district court personnel and communications from Tanner indicated that the minute entry was in error and no appeal was taken.
[2] The officer used Sr. and Jr. to refer to the elder and the younger Hilary Pierce. However, according to documentation and the record the elder was Hilary Pierce, Jr. and the younger was Hilary Pierce, III. The warrant was in the name of Hilary Pierce, Jr.