JjPER CURIAM.*
The State seeks review of the judgment of the court of appeal suppressing defendant’s statements after his arrest, concluding that the police made an illegal entry into defendant’s backyard to arrest him.
The police had probable cause to search defendant’s home and its curtilage because they observed from an airplane that marijuana was growing in defendant’s yard. However, the police did not obtain a warrant to search the premises and to seize the marijuana. Moreover, the State did not present sufficient evidence for the trial court to determine from the record whether the backyard fell within the curti-lage of defendant’s home.[1]
Accordingly, defendant’s arrest within the curtilage of his home without a warrant was illegal, and the statements made by defendant on the scene were properly suppressed by the court of appeal. See Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). However, Payton requires suppression only of defendant’s statements made |¡>on the scene and does not require the suppression of his later written statements at the police station. See New York v. Harris, 495 U.S. 14, 110 S.Ct. 1640, 109 L.Ed.2d 13 (1990).
Accordingly, the application is granted in part, the portion of the judgment of the court of appeal suppressing the statements at the police station is reversed, and the motion to suppress the statements at the police station is denied. In all other respects, the application is denied.

 Marcus, J., not on panel. Rule IV, Part 2, § 3.

. The question of whether the backyard came within the curtilage of defendant's home or was an "open view” over which defendant had no expectation of privacy is determined by the factors enumerated in United States v. Dunn, 480 U.S. 294, 107 S.Ct. 1134, 94 L.Ed.2d 326 (1987). The record is insufficient for an evaluation of these factors to make the fact-intensive determination of cur-tilage as opposed to open fields.