hPLOTKIN, J.,
dissenting with reasons.
The critical issue before this Court is whether the evidence against Gregory Julian should have been suppressed because it was seized without a search warrant.
In United States v. Dunn, 480 U.S. 294, 107 S.Ct. 1134, 94 L.Ed.2d 326, the United States Supreme Court held that:
[T]he Fourth Amendment protects the curtilage of a house and ... the extent of the curtilage is determined by factors that bear upon whether an individual reasonably may expect that the area in question should be treated as the home itself. [Oliver v. United States, 466 U.S. 170, 180, 104 S.Ct. 1735, 1742, 80 L.Ed.2d 214 (1984)]. We identified the central component of this inquiry as whether the area harbors the “intimate activity associated with the ‘sanctity of a man’s home and the privacies of life.” ’ Ibid, (quoting Boyd v. United States, 116 U.S. 616, 630, 6 S.Ct. 524, 532, 29 L.Ed. 746 (1886)).
Id. at 300, 107 S.Ct. at 1139.
“The question of whether the backyard came within the curtilage of defendant’s home or was an “open view” over which defendant had no expectation of privacy is determined by the factors enumerated in United States v. Dunn, 480 U.S. 294, 107 S.Ct. 1134, 94 L.Ed.2d 326 (1987).” State v. Smith, 99-3056 (La.4/20/00), 767 So.2d 1, n. 1. In Dunn, the Court stated:
Drawing upon the Court’s own cases and the cumulative experience of the lower courts that have grappled with the task of defining the extent of a home’s curti-lage, we believe that curtilage questions should be resolved with particular reference to four factors: [1] the proximity of the area claimed to be curtilage to the home, [2] whether the area is included within an enclosure surrounding the home, [3] the nature of |gthe uses to which the area is put, and [4] the steps taken by the resident to protect the area from observation by people passing by.
Id. at 301, 107 S.Ct. at 1139.
In the case at bar, police seized evidence from the backyard of defendant William Whitley’s home. An eight-foot tall fence and a gate enclose the backyard. The backyard adjoins the home and is used for social purposes. From their vantage point, the police conducting surveillance of Whitley in the front yard, could not observe the backyard area. Under the factors enumerated in Dunn, Whitley’s backyard is included in the curtilage of the home and is protected by the Fourth Amendment from unreasonable search and seizure.
The majority finds that the police officers did not need a warrant due to exigent circumstances, such as the possibility of destruction of the evidence.
The burden of proof falls upon the State to affirmatively show that an exigent circumstance exists. State v. Talbert, 449 So.2d 446, 447 (La.1984). Examples of exigent circumstances include escape of a defendant, avoidance of a possible violent confrontation that could cause injury to the public or the police officers, and destruction of evidence. State v. Tanner, *880 96-0708, p. 6 (La.App. 4 Cir. 5/21/97), 696 So.2d 111, 114, writ denied, 97-1665 (La.11/21/97), 703 So.2d 1306 (citing State v. Hathaway, 411 So.2d 1074 (La.1982)).
Circumstances which may lead an officer to reasonably conclude that evidence will be destroyed before a search warrant can be obtained include: 1) the degree of urgency and the time necessary to obtain a warrant; 2) a reasonable belief that contraband is about to be removed; 3) the possibility of danger to officers guarding the site while a warrant is obtained; 4) information indicating that the perpetrators are aware that the police are on their trail; and 5) the ready destruction of contraband and the knowledge that efforts to dispose of the drugs and to escape are characteristic behavior of narcotics traffickers. State v. Sterling, 94-0794 (La.App. 4 Cir. 7/27/94), 641 So.2d 696 [writ denied, 94-2213 (La.11/18/94), 646 So.2d 379], citing United States v. Rubin, 474 F.2d 262 (3rd Cir.l973)[cert. denied, Agran v. U.S., 414 U.S. 833, 94 S.Ct. 173, 38 L.Ed.2d 68 (1973) ].
Id. at pp. 6-7, 696 So.2d 114-115.
| aHere, police officers testified that they did not obtain a search warrant because they were concerned that evidence may be destroyed. However, the police officers testified that prior to their search, they did not believe that other people were in the backyard. Additionally, approximately eleven officers were present at the scene. Certainly one of them could have left to obtain a warrant while the other officers secured the area. The testimony of the police officers does not support a finding that they reasonably thought the evidence would be destroyed.
The State has not met its burden of proof.
I would reverse the judgment of the trial court, that admitted the evidence as to defendant Julian, and remand the case to the trial court. Accordingly, I respectfully dissent.