602 So.2d 338 (1992)
STATE of Louisiana
v.
Carl FLORANT.
No. 91-KA-2332.
Court of Appeal of Louisiana, Fourth Circuit.
June 30, 1992.
Writ Denied October 16, 1992.
*339 Harry F. Connick, Dist. Atty., Jack Peebles, Asst. Dist. Atty., New Orleans, for State.
Sherry Watters, Orleans Indigent Defender Program, New Orleans, for defendant.
Before LOBRANO, PLOTKIN and LANDRIEU, JJ.
PLOTKIN, Judge.
Defendant, Carl Florant, was charged by bill of information with simple robbery, a violation of LSA-R.S. 14:65. On April 2, 1991, following a jury trial, he was found guilty as charged. On April 5, 1991, defendant pled guilty to the multiple bill filed by the State and was sentenced as a multiple offender to serve four (4) years and eight (8) months at hard labor with credit for time served but with no good time eligibility.

FACTS:
On June 30, 1989, Fred and Wendy Wittich and their two sons, all residents of Minneapolis, Minnesota, were vacationing in the New Orleans French Quarter across from Jackson Square. Mrs. Wittich went into a shop with her sons while Mr. Wittich remained outside to smoke a cigarette. The following is his testimony of what occurred:
And I was standing out by the sidewalk looking at Jackson Square, and this fellow came up to me, and he, very persistent, wanted me to have my shoes shined by him. And I declined several times, but he was very persistent, very aggressive, and finally, he said if you would, you know, bet that he could tell me where my shoes came from if he could shine my shoes.
Well, at that point, I was kind of scared. I didn't really know what was going on. And so I said, "All right. You can shine my shoes." So he proceeded to put a little paste on there and buffed it off with a cloth. And Iwhen it came down to paying, all I had was a twenty dollar bill in my pocket. So I took out the twenty dollar bill, and I asked him, I said, "Do you have change," and he grabbed the twenty dollar bill from me and said, laughed, and he said, "You been had. You been took in New Orleans." And he ran up the street into a crowd of his friends, and they just sat and pointed at me and laughed.
The victim characterized his reactions to this incident as "humiliated, foolish, defrauded and intimidated by the look in his *340 eyes." He conceded that the defendant did not exhibit any weapons to him, or engage in battery, assault or physical contact.
While the victim and his son were having their shoes shined, Mrs. Wittich thought the scene was "cute" and took several photographs.
After the incident the family proceeded to an information booth in Jackson Square where they related what happened. The attendant instructed them to call the police, which they did. They waited 30 minutes for the police than left to take a preplanned boat trip on the river.
Upon their return to Minneapolis, Mr. Wittich had his vacation film developed. Several photographs clearly showed defendant shining Mr. Wittich's shoes moments before he grabbed the twenty dollar bill. Mr. Wittich sent the photograph and a letter of complaint to the New Orleans Police Department. Officer Chad Stokes, a follow-up detective assigned to the French Quarter, recognized defendant and subsequently located and arrested him on Bourbon Street.
Defendant appeals his conviction and sentence asserting the following assignments of error:
1) The State failed to prove defendant was guilty of simple robbery beyond a reasonable doubt;
2) The trial court erred by sentencing defendant to an unconstitutionally excessive sentence as a third offender denying defendant good time eligibility.

ASSIGNMENT OF ERROR 1:
Defendant asserts the State failed to present sufficient evidence to support a conviction for simple robbery beyond a reasonable doubt.
The standard for reviewing a claim of insufficient evidence is whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La.1987); State v. Fuller, 414 So.2d 306 (La.1982).
Nevertheless, the reviewing court may not disregard its duty to consider whether the evidence is constitutionally sufficient simply because the record contains evidence that tends to support each fact necessary to constitute the crime. State v. Mussall, 523 So.2d 1305 (La.1988). The reviewing court is not permitted to consider just the evidence most favorable to the prosecution but must consider the record as a whole since that is what a rational trier of fact would do. Mussall, supra. If rational triers of fact could disagree as to the interpretation of the evidence, the rational trier's view of all the evidence most favorable to the prosecution must be adopted. Mussall, supra. The factfinder's discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. Mussall, supra.
In order to convict a defendant of simple robbery, the State must prove that the defendant did the following things: (1) took something of value (2) belonging to another (3) from the person of another (4) by use of force or intimidation. A study of the criminal statutes defining "theft" and "simple robbery" reveals that the critical difference between the two crimes is the force or intimidation element. LSA-R.S. 14:65 defines simple robbery as "the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, but not armed with a dangerous weapon." LSA-R.S. 14:67 defines theft as "the misappropriation or taking of anything of value which belongs to another, either without the consent of the other ..., or by means of fraudulent conduct, practices or representations."
The "use of force or intimidation" element of the offense of simple robbery was interpreted by the Louisiana Supreme Court in State v. Mason, 403 So.2d 701 (La.1981), as follows:
By providing a more severe grade of theft for those instances in which a thief uses force or intimidation to accomplish *341 his goals, the legislature apparently sought to emphasize the increased risk of danger to human life posed when a theft is carried out in face of the victim's opposition.
The record in the instant case contains no indication that the victim of the theft was subject to any "increased risk of danger to human life" when the defendant snatched the twenty dollar bill from his hand.
The issue of the use of force was further analyzed by the Supreme Court in State v. LeBlanc, 506 So.2d 1197 (La.1987). In that case, the defendant was convicted of attempted molestation of a juvenile because he thrust his hand down the pants of a juvenile and grabbed the juvenile's genitals. The court reduced the conviction to attempted indecent behavior with a juvenile, reasoning that the grabbing was the crime of indecent behavior with a juvenile and that additional force was necessary to turn the crime of indecent behavior with a juvenile into the more serious crime of molestation of a juvenile. The requisite force necessary to upgrade the offense, such as holding the juvenile by the arm in order to effect the act, was simply not present. The court went further in its analysis of the use of force by comparing molestation to simple robbery.
The `use of force' requirement in the crime of molestation of a juvenile is much more comparable to the `use of force' requirement in simple robbery, as defined in La.R.S. 14:65, than to the element of the crime of battery defined in La.R.S. 14:33. The `use of force' in La. R.S. 14:33 contemplates the minimum force or violence upon the person necessary to commit the crime of battery and distinguishes the crime from an accidental or incidental touching. Moreover, the force constitutes the criminal act itself, rather that the means of overcoming the victim's will. On the other hand, the crime of robbery contemplates that some energy or physical effort will be exerted in the `taking' element of the crime and that some additional `use of force' in overcoming the will or resistance of the victim is necessary to distinguish the crime of robbery from the less serious crime of theft, as defined in La.R.S. 14:67. Id. at 1200.
(Emphasis added.) This record is devoid of any evidence that the defendant expended any physical effort in the taking of the twenty dollar bill or used any force to overcome the will or resistance of the victim.
The record is also vacuous of any evidence that the defendant intimidated the victim. Black's Law Dictionary defines intimidation as "unlawful coercion; duress; putting in fear." No Louisiana cases address intimidation as a separate issue.
Unquestionably the defendant duped Mr. Wittich into agreeing to a shoeshine, for which no price was set. Then, when Mr. Wittich tendered a $20 bill and asked if the defendant had change, the defendant grabbed the money and walked away. The incident occurred at 4 p.m. in the Jackson Square mall in the presence of numerous pedestrians and merchants. The victim did not protest or file a contemporaneous complaint. His characterization of the eventsthat he felt "humiliated, foolish, defrauded, and intimidated by the look in his eyes"is insufficient to establish beyond a reasonable doubt that the defendant engaged in "force or intimidation" necessary to be guilty of simple robbery. We decline to accept the State's argument that a person can be intimidated by "the look in the eye." The defendant cheated and defrauded Mr. Wittich, but he did not commit simple robbery as defined by LSA-R.S. 14:65.
Mr. Wittich was defrauded of $20 by paying $20 for a shoeshine. The defendant took the $20 extended by the victim and refused to refund the change. The victim was duped and exploited by the defendant and the victim's reactions of humiliation and embarrassment were appropriate. However, the defendant is not guilty of simple robbery. The appropriate charge in this case is theft of property having a value of less than 100 dollars, which is not a responsive verdict to simple robbery. L.C.Cr.P. art. 814.
*342 Accordingly, the defendant's conviction and sentence is reversed.[1],[2]
LOBRANO, J., dissents.
LOBRANO, Judge, dissenting.
The majority clearly overlooks the evidence of intimidation which is sufficient to support a conviction of simple robbery. The majority also fails to recognize that simple robbery is the taking by force or intimidation, not force and intimidation. The discussion and analogy of what constitutes force misses the point that, viewing the evidence in the light most favorable to the prosecution, a rational juror could conclude the victim was intimidated. Intimidation is a factual determination. This Court should not usurp the jury's conclusions where there is sufficient evidence to support it.
Both Mr. and Mrs. Wittich testified that when Mr. Wittich removed the twenty dollars from his wallet, he asked for change. Mr. Wittich testified that he just wanted to pay defendant a reasonable amount and be rid of him. Defendant then grabbed the twenty dollar bill, told Mr. Wittich he had been "taken" and ran up the street. Mr. Wittich testified that he did not pursue defendant because he had recently undergone back surgery and "was in no condition to chase anybody or anything"; that defendant's demeanor was such that he felt intimidated and that he felt it would not be wise to confront defendant after he ran to his group of friends.
NOTES
[1] We note that the trial court erred by denying the defendant good time eligibility. The Department of Corrections, not the sentencing court, has the sole authority to determine defendant's eligibility for good time pursuant to L.R.S. 15:571.3; State v. Melancon, 536 So.2d 430 (La. App. 4th Cir.1988), writ denied, 582 So.2d 860 (La.1991).
[2] A review of the record reveals the trial court failed to observe the three day delay between conviction and sentence.

Defendant was convicted on April 2, 1991 and sentenced on April 5, 1991.
Louisiana Code of Criminal Procedure Article 873 provides:
"If a defendant is convicted of a felony, at least three days shall elapse between conviction and sentence. If a motion for a new trial, or in arrest of judgment is filed, sentence shall not be imposed until at least twenty four hours after the motion is overruled. If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately."
The three day delay commences on the day after conviction, State v. Johnson, 275 So.2d 405 (La.1973), State v. Harper, 444 So.2d 772 (La. App. 4th Cir.1984), and is to allow the defendant time to file post-trial motions, including a new trial motion which must be filed between the verdict and sentence. If the defendant does not expressly waive the delay, a sentence imposed within the three day period is void. State v. Johnson, supra; State v. Dickerson, 538 So.2d 1063 (La.App. 4th Cir.1989).
The record reveals that the waiver of rights form signed by defendant applies to rights waived by the plea to the multiple bill. It contains no waiver of the time delay between conviction of the offense and sentencing.