MARC E. JOHNSON, Judge.
| pPefendant, Christopher Johnson, appeals his conviction and sentence for simple robbery alleging there was insufficient evidence to support his conviction. For the reasons that follow, we affirm.
Defendant was charged in a bill of information with simple robbery. He pled not guilty and filed several pretrial motions, including motions to suppress identification and statements, which were denied after a hearing. He proceeded to trial on November 5, 2009. After a two-day trial, a six-person jury found him guilty as charged. Defendant was sentenced to five years at hard labor.
The State filed a multiple offender bill of information alleging defendant to be a second felony offender based on a prior conviction for unauthorized entry of a place of business. Defendant stipulated to being a second felony offender. The trial court vacated his original sentence and imposed an enhanced sentence of ten years at hard labor without the benefit of probation or suspension of sentence.
| ¡¡FACTS
At approximately noon on June 29, 2007, Loretta Zada went to the Capital One *44 Bank located on Airline Highway to withdraw money she needed to bankroll a sale at her baby clothing business. She initially withdrew money from the drive-through ATM, and then went inside the bank to obtain smaller denominations. She gave the teller between $250 and $800 in twenty dollar bills and asked the teller to change the twenty dollar bills into ten, five, and one dollar bills.
Ms. Zada explained that the teller counted out the smaller denominations and placed them on a high counter in front of her. She then moved the smaller bills to a lower counter that was not accessible to or visible by the teller and began counting the money herself. While she was counting the money, Ms. Zada noticed a man on her right side, who she assumed to be waiting in line for the teller. She then saw a hand come from her right side and grab the money. Ms. Zada stated the man took the money out of her hand and ran out the door. After the man took her money, Ms. Zada screamed.
The bank teller, Samantha Velasquez, testified that Ms. Zada was a regular customer. She stated that Ms. Zada came into the bank and asked for change for $300 in ten, five, and one dollar bills. Ms. Velasquez counted out the change to Ms. Zada. During this time, Ms. Velasquez observed a man come through the teller line walking slowly and looking around. He came behind Ms. Zada and then moved closer to her. Ms. Velasquez stated the man grabbed Ms. Zada’s money and ran out of the door.
Norman Miller, the assistant branch manager who was present in the bank, heard someone yell. When he looked, he saw someone running for the door. Mr. Miller ran into his office, called 9-1-1, and gave a description of the perpetrator to |4the 9-1-1 operator. He described the perpetrator as a slim white male, between five foot nine and five foot ten, with short brownish hair.
When the police arrived at the scene, they interviewed the victim and other witnesses. According to Deputy Edward Du-cos with the Jefferson Parish Sheriffs Office (JPSO), the victim was emotionally shaken up and was crying. The victim described the person who robbed her as a white male with a tattoo on his neck. Ms. Velasquez also gave a description of the perpetrator to the police. She described the individual as a white male, about five foot seven, in his early twenties, wearing glasses and a goatee, with a tattoo on his neck. The police canvassed the neighborhood, but were unable to locate anyone matching the suspect’s description.
A few days later, the officers investigating the incident subsequently learned from the St. Charles Parish Sheriffs Office that it had an individual in custody who advised he had committed a purse snatching at a bank and who matched the description of the suspect involved in the Capital One bank incident. The suspect, later identified as defendant, gave a statement to the St. Charles Parish Sheriffs Office in which he admitted that he had entered the Capital One bank on Airline Highway, that he saw a lady counting her money, and that he grabbed the money and ran out of the bank. Defendant indicated the money he grabbed was in various denominations and amounted to approximately $400.00.
Based on this information, a detective with the JPSO prepared a photographic lineup with defendant’s photograph and presented it to the victim and the bank teller. Both the victim and the bank teller positively identified defendant as the person who took the victim’s money. After the positive identifications, the detective obtained an arrest warrant and defendant was arrested.
*45 | ^Defendant subsequently gave a second statement to Detective Darren Monie, with the JPSO, in which he again admitted taking money from a lady at the Capital One bank on Airline Highway. He stated he saw a lady withdrawing money, he ran up, grabbed the money, and ran out of the bank. He explained he then walked to St. Rose via railroad tracks.

LAW AND ANALYSIS

Defendant argues the evidence is insufficient to support his simple robbery conviction because there was no evidence of force or intimidation, an essential element of simple robbery.
The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979).
Simple robbery is defined as “the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, but not armed with a dangerous weapon.” La. R.S. 14:65. The elements necessary to sustain a conviction of simple robbery are: 1) the taking of anything of value; 2) belonging to another; 3) from the person of another; 4) by use of force or intimidation. State v. Robinson, 97-269, p. 5 (La.App. 5 Cir. 5/27/98), 713 So.2d 828, 830, writ denied, 98-1770, (La.l1/6/98), 727 So.2d 444. The property taken in a robbery must be sufficiently under the victim’s control that, absent violence or intimidation, the victim could have prevented the taking. State v. Thomas, 447 So.2d 1053, 1055 (La.1984).
Defendant only challenges the sufficiency of the evidence as it pertains to the element of force or intimidation. He contends his actions of snatching the |fimoney from the bank counter before the victim could react did not satisfy the required element of using force or intimidation in taking the money. Defendant asserts the victim was not subject to violence or intimidation. He claims he made no gestures towards or physical contact with the victim and said nothing or did anything to intimidate the victim.
In State v. Robinson, 97-269, p. 5 (La.App. 5 Cir. 5/27/98), 713 So.2d 828, writ denied, 98-1770 (La.11/6/98), 727 So.2d 444, this Court upheld the defendant’s simple robbery conviction even though the defendant did not use threatening words, gestures, or physical force against the victim. In Robinson, the defendant took money from a cashier at the drive-up window of a fast food restaurant. The defendant ordered French fries over a remote speaker and then drove up to the window. He paid the victim with a fifty dollar bill, but insisted he had paid with a one hundred dollar bill. The defendant demanded the victim give him five twenty dollar bills. The victim held up the fifty dollar bill the defendant paid with and also had in his hand the forty-nine dollars he had attempted to give as change. The defendant snatched all the money from the victim’s hand and drove away.
On appeal, the defendant complained about the sufficiency of the evidence and argued the State failed to show he used force or intimidation in taking money from the victim. This Court determined that although the defendant did not use any threatening words or gestures, the victim was, by his own account, intimidated by the defendant.
The Oxford Dictionary defines force as “achieve or bring about (something) by *46 coercion or effort” or “make (someone) do something against their will.” The dictionary further defines intimidate as to “frighten or overawe (someone), especially in order to make them do what one wants.”
[7The victim in this case did not give up the money of her own will, nor was the money taken secretly. Instead, the victim was openly and quickly approached by a man who grabbed money from her.[1] The victim screamed at the time of the incident and was crying and emotionally upset immediately after the incident. We find the jury was reasonable in finding that such a situation was, at the very least, intimidating. Thus, viewing the evidence in the light most favorable to the prosecution, we find the evidence sufficient to satisfy the requisite elements of simple robbery.

ERRORS PATENT

We have reviewed the record for errors patent in accordance with La.C.Cr.P. art. 920, State v. Oliveaux, 312 So.2d 337 (La.1975), and State v. Hicks, 08-402, p. 13 (La.App. 5 Cir. 12/16/08), 3 So.3d 539, 547, and find no errors that require remedial action.
For the reasons stated above, defendant’s conviction and sentence for simple robbery are affirmed.

CONVICTION AND SENTENCE AFFIRMED.

. At times in his brief, defendant suggests that he did not take money out of the victim's hands but rather took it from the bank counter. The victim testified she was counting the money handed to her by the bank teller when the defendant grabbed the money directly out of her hands. The question of the credibility of the witnesses is within the sound discretion of the trier of fact, who may accept or reject, in whole or in part, the testimony of any witness. The credibility of the witnesses will not be re-weighed on appeal. State v. Johnson, 00-1552, p. 9 (La.App. 5 Cir. 3/28/01), 783 So.2d 520, 527, writ denied, 01-1190 (La.3/22/02), 811 So.2d 921.