# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41719
Conference Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 21, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE LUIS VALLE-RAMIREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:15-CR-586-1

Before JOLLY, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Appealing the judgment in a criminal case, Jose Luis Valle-Ramirez raises an argument that is foreclosed by *United States v. Torres-Jaime*, 821 F.3d 577 (5th Cir. 2016), *petition for cert. filed* (Sept. 1, 2016) (No. 16-5853). In *Torres-Jaime*, we held that a Georgia conviction for aggravated assault qualifies as a crime of violence under U.S.S.G. § 2L1.2 (2014). *Torres-Jaime*, 821 F.3d at 580-85. He also raises an argument that is foreclosed by *United*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41719

*States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2016) (en banc), *petition for cert. filed* (Sept. 29, 2016) (No. 16-6259).  In *Gonzalez-Longoria*, we held that 18 U.S.C. § 16(b), which defines a crime of violence when incorporated by reference into § 2L1.2(b)(1)(C), is not unconstitutionally vague on its face in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).  *Gonzalez-Longoria*, 831 F.3d at 672.  Accordingly, the motion for summary affirmance is GRANTED, the alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.

Nevertheless, the written judgment contains a clerical error in that it identifies Valle-Ramirez's statute of conviction as 8 U.S.C. § 1324, rather than § 1326.  We therefore REMAND for correction of the written judgment in accordance with Federal Rule of Criminal Procedure 36.  *See United States v. Johnson*, 588 F.2d 961, 964 (5th Cir. 1979).