NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 5 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10404 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00272-HDM-PAL-1 |
| v. | |
| WILBERT EARL KNIGHT, Jr., | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Submitted September 15, 2017[**]
San Francisco, California

Before: GOULD, TALLMAN, and WATFORD, Circuit Judges.

Wilbert Earl Knight appeals the district court's sentence on his conviction

for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

Knight asserts four arguments on appeal. First, he contends that his prior

conviction for Louisiana armed robbery was not a conviction for a crime of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

violence for purposes of U.S.S.G. §§ 2K2.1(a)(4)(A) and 4B1.2. Second, he contends that the sentencing judge improperly based his sentence on rehabilitative considerations. Third, he contends that the district court procedurally erred by not first setting forth the sentencing guideline range before addressing the 18 U.S.C. § 3553(a) factors to be considered in imposing a sentence. Fourth, he contends that the Government should have moved for and the district court should have granted him a third point reduction for acceptance of responsibility. We affirm the district court decision, except with respect to the third point for acceptance of responsibility. On that issue, we vacate and remand for further proceedings consistent with this disposition.

We hold that Louisiana armed robbery is a crime of violence for purposes of U.S.S.G. §§ 2K2.1(a)(4)(A) and 4B1.2. In assessing whether Louisiana armed robbery is a crime of violence, we apply the "categorical" approach laid out in *Taylor v. United States*, 495 U.S. 575 (1990). Under that approach, we ask whether the full range of conduct covered by the statute falls within the meaning of the term "crime of violence" under the Sentencing Guidelines. *United States v. Grajeda*, 581 F.3d 1186, 1189 (9th Cir. 2009).

The Louisiana criminal statute Knight violated defines armed robbery as follows:

> Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of

2

another, by use of force or intimidation, while armed with a dangerous weapon.

La. Stat. Ann. § 14:64. Knight claims that Louisiana armed robbery is not a categorical crime of violence, because "force or intimidation" under the Louisiana statute need not involve the use, attempted use, or threatened use of physical force—i.e. "force capable of causing physical pain or injury" as required by *Johnson v. United States*, 559 U.S. 133 (2010).

The Louisiana courts interpreting the "force or intimidation" clause of the robbery statute routinely note that the heightened penalty for robbery, as compared to theft, serves to "emphasize the increased risk of danger to human life posed when a theft is carried out in face of the victim's opposition."[1] *State v. Mason*, 403 So.2d 701, 704 (La. 1981); *State v. Jones*, 767 So.2d 808, 810 (La. Ct. App. 2000); *State v. Florant*, 602 So.2d 338, 341 (La. Ct. App. 1992); *see also United States v. Brown*, 437 F.3d 450, 452 n.2 (5th Cir. 2006). Notably, the *Florant* court refused to uphold a verdict for robbery when the defendant merely snatched a $20 bill and walked away. *Florant*, 602 So.2d at 341. The court held that this was insufficient force, noting that an "additional 'use of force' in overcoming the will or resistance of the victim is necessary to distinguish the crime of robbery from the less serious

---

[1] Robbery is identical to armed robbery except that the latter includes and the former excludes a dangerous weapon element. *Compare* La. Rev. Stat. § 14:64 *with id.* § 14:65. Hence, any analysis of the force or intimidation clause of the robbery statute applies equally to armed robbery.

crime of theft." *Id.* (quoting *State v. LeBlanc*, 506 So. 2d 1197, 1200 (La. 1987)). These cases lead us to conclude that Louisiana armed robbery requires physical force that satisfies the standard put forth in *Johnson*. The district court did not err in finding that Knight's prior conviction was for a crime of violence.

As for Knight's second and third claims, no objection was made below, and so we review those claims for plain error. *See Johnson v. United States*, 520 U.S. 461, 466-67 (1997) (noting that plain error is (a) error, (b) that is plain, (c) that affects substantial rights and (d) that "seriously affects the fairness, integrity, or public reputation of judicial proceedings."). Reviewing the record we see no reason to believe that the district court relied on impermissible rehabilitative concerns in imposing the sentence. As such, there was no error at all, much less plain error. The district court did note that Knight would receive education and training during his period of incarceration. However, in context, there is no indication that the district court lengthened Knight's sentence for rehabilitative reasons. Indeed, the district court explicitly found that the offense in question was "very serious" and then imposed a sentence roughly midway between the top and bottom of the guideline range.

As for Knight's contention that the district court erred by not setting forth the guideline range before allowing the parties to discuss the § 3553(a) factors, we hold that this also was not plain error. There is no question that Knight was given

sufficient opportunity to argue what sentence was appropriate—and indeed, he did. The sentencing court sufficiently justified its rulings, explained its consideration of the § 3553(a) factors, and concluded that "a substantial period of incarceration is appropriate; particularly, considering the background of the defendant." Knight presents no valid or persuasive argument for thinking that his substantial rights were affected by the order in which the sentencing proceeded. And, this alleged error in form did not "seriously affect[] the fairness, integrity, or public reputation of judicial proceedings." *See Johnson*, 520 U.S. at 467.

Finally, Knight contends that his willingness to enter a guilty plea should entitle him to a three-point reduction for acceptance of responsibility instead of the two-point reduction he was granted.

Knight initially pled not guilty and requested to extend his trial date. He later moved to suppress evidence. When the motion was denied, Knight requested another extension. Knight later signed a plea agreement, further delaying the trial date, but—at the change of plea proceeding—withdrew his plea agreement and asked to plead guilty without it. At sentencing, the Government refused to move for the third point on grounds that it had been forced to respond to a motion to suppress. The district court apparently accepted this rationale, and no other justification for refusing the point was offered or discussed.

We have held that a motion to suppress evidence "cannot be held against a

5

defendant for purposes of the adjustment." *United States v. Vance*, 62 F.3d 1152, 1157 (9th Cir. 1995); s*ee also*, *United States v. Kimple,* 27 F.3d 1409, 1414 (9th Cir. 1994), *as amended on denial of reh'g* (Sept. 19, 1994) (holding that the reduction should not be denied "on the basis that [the defendant] exercised his constitutional rights at the pretrial stage of the proceedings" by filing a motion to suppress). In addition, we have noted that the Government does not have unbounded discretion to refuse to move for the third point; it can only refuse to do so for the reasons articulated in section 3E1.1(b). *United States v. Sahagun-Gallegos*, 782 F.3d 1094, 1097 (9th Cir. 2015). Those reasons are limited to when failing to timely notify of an intention to enter a guilty plea either (1) did not allow the government to avoid preparing for trial or (2) impeded the government's or court's ability to allocate their resources efficiently. U.S.S.G. § 3E1.1(b).

In so far as the government refused to move for and the district court did not grant the third point for acceptance of responsibility because of Knight's motion to suppress, the Government and the district court may have relied on impermissible considerations. Yet, there were other facts in the record, such as delays, that may have impeded the government's trial preparation or allocation of resources, which might have supported withholding the third point. However, the district court did not explicitly make this finding. We therefore vacate and remand for resentencing. In considering whether to move for and grant the third point, the Government and

6

the district court should look only to the reasons set forth in U.S.S.G. § 3E1.1(b). That is, the district court should assess whether any delay led the government to prepare for trial, or required the government or the court to expend resources inefficiently, over and above what was required to respond to the motion to suppress.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**