# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41719

United States Court of Appeals
Fifth Circuit

**FILED**
November 19, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE LUIS VALLE-RAMIREZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

**ON REMAND FROM THE UNITED STATES SUPREME COURT**

Before JONES, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM

On remand, the issue before us is whether the Defendant Jose Luis Valle-Ramirez's conviction for aggravated assault under Georgia law constitutes an aggravated felony within the meaning of 8 U.S.C. § 1326(b)(2), the statute of conviction listed on his judgment. We affirm that the relevant Georgia statute qualifies as an aggravated felony and **AFFIRM** the district court's judgment reflecting Valle-Ramirez's conviction under § 1326(b)(2).

## BACKGROUND

Valle-Ramirez pled guilty to being an alien found unlawfully present in the United States after his May 2013 deportation, in violation of 8 U.S.C. § 1326(a) and (b). His presentence report (PSR) applied a 16-level sentencing

enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A) (2014) because of his previous Georgia felony conviction for aggravated assault, which the PSR deemed a crime of violence.  The PSR further determined that Valle-Ramirez faced a statutory maximum imprisonment term of 20 years under 8 U.S.C. § 1326(b)(2) because his Georgia conviction was an aggravated felony within that statute's meaning.   Valle-Ramirez objected to the sentencing enhancement, urging that the Georgia statute of conviction is not a crime of violence.  He did not, at that time, object to § 1326(b)(2)'s applicability.

The district court overruled the objection and adopted the PSR's findings, varied downward from the guidelines range, and imposed a 30-month sentence.   The judgment listed his statute of conviction as 8 U.S.C. § 1326(b)(2).[1]  Valle-Ramirez timely appealed.

On appeal, Valle-Ramirez reasserted that his Georgia aggravated assault conviction is not a crime of violence for purposes of the § 2L1.2 enhancement.  Valle-Ramirez then asserted for the first time that he "is not subject to the provisions of 8 U.S.C. § 1326(b)(2)" because his Georgia conviction is not an aggravated felony—defined in relevant part as a crime of violence under 18 U.S.C. § 16.  Specifically, he asserted that his Georgia conviction could not be a crime of violence under § 16(a) because the underlying statute did not have "as an element the use, attempted use, or threatened use of physical force."  He also argued the unconstitutional vagueness of § 16(b).[2]

---

[1] Valle-Ramirez's original judgment contained a clerical error listing § 1324(b)(2) rather than § 1326(b)(2) as his statute of conviction.  The judgment was later amended to correct this error.

[2] 18 U.S.C. § 16(b) alternatively defines a crime of violence as "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

No. 15-41719

This court's affirmance, *see United States v. Valle-Ramirez*, 677 F. App'x 187, 188 (5th Cir. 2017), was based on two cases, *Torres-Jaime* and *Gonzalez-Longoria*. *Id.* at 187-88. *Torres-Jaime* "held that a Georgia conviction for aggravated assault qualifies as a crime of violence."[3] *Id.* at 188 (citing *United States v. Torres-Jaime*, 821 F.3d 577, 580-85 (5th Cir. 2016)). *Gonzalez-Longoria* held that 18 U.S.C. § 16(b) was not unconstitutionally vague. *Id.* (citing *United States v. Gonzalez-Longoria*, 831 F.3d 670, 672 (5th Cir. 2016)).

Valle-Ramirez sought certiorari in the Supreme Court, which granted the petition, vacated this court's judgment, and remanded in light of *Sessions v. Dimaya*. *See Valle-Ramirez v. United States*, 138 S. Ct. 1978, 1978 (2018). *Dimaya* held § 16(b) unconstitutionally vague, abrogating this court's opinion in *Gonzalez-Longoria*. *Dimaya*, 138 S. Ct. 1204, 1223 (2018).

On remand, Valle-Ramirez no longer contests his sentencing enhancement because he is no longer in prison. He does, however, contend that the Georgia conviction is not an aggravated felony under § 1326(b)(2) and asks that the judgment be altered to reflect a conviction under § 1326(b)(1) instead of § 1326(b)(2).[4]

---

[3] More specifically, *Torres-Jaime* held that Georgia aggravated assault qualified as an *enumerated* crime of violence for § 2L1.2 purposes. *Torres-Jaime*, 821 F.3d at 579. It did not rule on whether Georgia aggravated assault has as an element the use of force.

[4] Although Valle-Ramirez is no longer in prison, whether his judgment reflects a conviction under § 1326(b)(1) or (b)(2) could have consequences, and this case is not moot. "[A] conviction under § 1326(b)(2)—involving a prior conviction of an aggravated felony—is itself an aggravated felony, rendering [the defendant] permanently inadmissible to the United States." *United States v. Ovalle-Garcia*, 868 F.3d 313, 314 (5th Cir. 2017) (alteration in original) (quotation marks omitted). A conviction under b(1), however, does not involve a prior aggravated felony conviction. Because of this distinction and the consequences of a b(2) conviction, the court has remanded cases when appropriate to amend judgments so that they reflect convictions under § 1326(b)(1) rather than (b)(2). *Id.*

No. 15-41719

## STANDARD OF REVIEW

For errors preserved in the trial court, ordinarily, "[w]e review the district court's characterization of a defendant's prior conviction as a [crime of violence] *de novo.*" *United States v. Garcia-Figueroa,* 753 F.3d 179, 184 (5th Cir. 2014). To preserve an objection, "[a] party must raise a claim of error with the district court in such a manner so that the district court may correct itself and thus, obviate the need for our review." *United States v. Narez-Garcia,* 819 F.3d 146, 149 (5th Cir. 2016) (quotation marks omitted). Although Valle-Ramirez technically failed to challenge the applicability of § 1326(b)(2) in the district court, we need not resort to plain error review. The objection to his § 2L1.2 sentencing enhancement made the same argument about the Georgia conviction that applies to § 1326(b)(2)—that his Georgia conviction does not have as an element the use of force.

These provisions incorporate nearly identical use of force definitions. The guideline defines a crime of violence to include "any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2, cmt. n.1(B)(iii) (2008)). Section 1326(b)(2) incorporates identical language. It says that an alien "whose removal was subsequent to a conviction for commission of an aggravated felony" is subject to an enhanced prison term. This statute defines "aggravated felony" to include "a crime of violence []as defined in Section 16 of Title 18." 8 U.S.C. § 1101(a)(43)(F). 18 U.S.C. § 16(a) defines a crime of violence to include "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Thus, the use of force provision relevant to determining

4

No. 15-41719

§ 1326(b)'s applicability matches the provision to which Valle-Ramirez objected in the district court regarding his sentencing enhancement.[5]

## DISCUSSION

Because *Dimaya* held that Section 16(b)'s residual clause cannot suffice under Section 1326(b)(2), the sole issue on appeal is whether Valle-Ramirez's Georgia conviction qualifies as an aggravated felony because it has "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a).

Valle-Ramirez's Georgia aggravated assault conviction easily meets this requirement. Under Georgia law at the time of Valle-Ramirez's offense, Georgia's assault statute was written as follows:

(a) A person commits the offense of simple assault when he or she either:

    (1)    Attempts to commit a violent injury to the person of another; or

    (2)    Commits an act which places another in reasonable apprehension of immediately receiving a violent injury.

GA. CODE ANN. § 16-5-20(a) (2012). Aggravated assault occurs when one commits a simple assault:

    (1)    With intent to murder, to rape, or to rob;

---

[5] Both parties seem to imply that Valle Ramirez's § 1326(b)(2) challenge is subject to plain error review. *See* Appellant's Supp. Br. at 2 ("[T]he district court plainly erred in concluding that Mr. Valle-Ramirez's prior Georgia conviction for aggravated assault qualifies as an 'aggravated felony.'"); Appellee's Supp. Br. at 3 ("[N]o clear or obvious error occurred."); *see also Mondragon v. Santiago*, 564 F.3d 357, 369 (5th Cir. 2009) (applying plain error standard to appellate challenge to conviction and sentence under § 1326(b)(2) that was not raised below). In any event "no party has the power to *control* our standard of review. A reviewing court may reject both parties' approach to the standard." *United States v. Vontsteen*, 950 F.2d 1086, 1091 (5th Cir. 1992) (emphasis in original).

No. 15-41719

> (2)   With a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury; or

> (3)   [Against] a person or persons without legal justification by discharging a firearm from within a motor vehicle toward a person or persons.

GA. CODE. ANN. § 16-5-21(a)(1)-(3) (2012). Valle-Ramirez concedes that his aggravated assault conviction can be narrowed using state court documents to an offense under § 16-5-21(a)(2) and § 16-5-20(a)(2). In other words, he committed an act with a deadly weapon, an auto, placing another in reasonable apprehension of immediately receiving a violent injury.

In response to this court's request for supplemental briefing on remand, Valle-Ramirez argues only that his Georgia offense cannot be a crime of violence because the *mens rea* required to commit Georgia assault has "no requirement that the defendant intend to injure or threaten injury," whereas an act that has as an element the use of force requires such an intent. This is incorrect.

In *Voisine*, the Supreme Court held that the word "use" in the context of "use of force" "is indifferent as to whether the actor has the mental state of intention, knowledge, or recklessness with respect to the harmful consequences of his volitional conduct." *Voisine v. United States*, 136 S. Ct. 2272, 2278-79 (2016).[6] This court has recognized that post-*Voisine*, "the mental state of recklessness may qualify as an offense that 'has as an element the use, attempted use, or threatened use of physical force against the

---

[6] Although *Voisine* interpreted the federal misdemeanor crime of domestic violence statute, this court has recognized that *Voisine*'s holding applies outside of the MCDV context. *See Howell*, 838 F.3d at 501 (applying *Voisine*'s holding to "use of force" sentencing guidelines); *United States v. Mendez-Henriquez*, 847 F.3d 214, 221-22 (5th Cir. 2017) (same).

person of another.'" *United States v. Howell*, 838 F.3d 489, 501 (5th Cir. 2016). Thus, post-*Voisine*, the phrase "'has as an element the use, attempted use, or threatened use or physical force against the person of another' [is] indifferent to *mens rea*: we concern ourselves only with whether [the] predicate conduct was volitional" in contrast to purely accidental. *Mendez-Henriquez*, 847 F.3d at 221-22.

Georgia's required *mens rea* for assault more than satisfies merely volitional conduct. At issue here, an assault occurs when one "[c]ommits an act which places another in reasonable apprehension of immediately receiving a violent injury." GA. CODE ANN. § 16-5-20(a)(2) (2012). The Supreme Court of Georgia has explained:

> [P]ursuant to the express language of (a)(2), an assault under that subsection looks to the victim's state of mind, rather than the accused's, to establish the elements of an assault. There is an intent of the accused that must be shown, but it is only the criminal intent to commit the acts which caused the victim to be reasonably apprehensive of receiving a violent injury, not any underlying intent of the accused in assaulting the victim.

*Dunagan v. State*, 502 S.E.2d 726, 730 (Ga. 1998), *overruling on other grounds recognized in Holmes v. State*, 529 S.E.2d 879, 882 (Ga. 2000). Other Georgia courts have held that "[t]here is no specific intent requirement in the statute, which would indicate that only an intent to commit the act which in fact places another in reasonable apprehension of injury is required, not a specific intent to cause such apprehension." *Maynor v. State*, 570 S.E.2d 428, 431 (Ga. Ct. App. 2002). For example, a defendant must intend to drive a vehicle rapidly through a parking lot, though he need not intend to scare the person standing nearby to commit the assault. *Cf. Adams v. State*, 667 S.E.2d 186, 190 (Ga. Ct. App. 2008). In short, to commit the relevant assault under Georgia law, the defendant must intend to commit the act that

causes the victim to feel reasonable apprehension of immediate violent injury, though the defendant need not intend to cause the apprehension itself. Such a *mens rea* requirement is more than enough to satisfy the low volitional conduct standard for "use of force" purposes.[7]

Aside from *mens rea*, Georgia law is clear that committing an act with a deadly weapon that places another in reasonable apprehension of immediately receiving a violent injury requires the use, attempted use, or threatened use of physical force. Under Georgia law, an assault must include "a demonstration of violence, coupled with an apparent present ability to inflict injury so as to cause the person against whom it is directed reasonably to fear that he will receive an immediate violent injury unless he retreats to secure his safety." *Daniels v. State*, 681 S.E.2d 642, 644 (Ga. Ct. App. 2009) (quotation marks omitted). Further, "the mere threat to commit a violent injury on a victim, without more, does not constitute an assault." *Lewis v. State*, 560 S.E.2d 73, 75 (Ga. Ct. App. 2002). Finally, "even considering the Georgia statute most broadly, it allows only for the 'act of using an instrument offensively.'" *Torres-Jaime,* 821 F.3d at 585; *see also United States v. Shepherd,* 848 F.3d 425, 427-28 (5th Cir. 2017) (holding that Texas aggravated assault with a deadly weapon statute "has as an element the threatened use of physical force against the person of another.")

Consequently, the court **AFFIRMS** the district court's judgment reflecting Valle-Ramirez's conviction under 8 U.S.C. § 1326(b)(2).

---

[7] To the extent Valle-Ramirez relies on this court's recent decision in *United States v. Burris,* 896 F.3d 320 (5th Cir. 2018), that decision has been withdrawn by the panel. *See United States v. Burris*, No. 17-10478, 2018 WL 5960775, at *1 (5th Cir. Nov. 14, 2018).