# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 12, 2026

Lyle W. Cayce
Clerk

———————

No. 25-30266

———————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JONATHAN WAYNE LANAUTE,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:24-CR-46-1

———————————————————————

Before HAYNES, DUNCAN, and RAMIREZ, *Circuit Judges*.
STUART KYLE DUNCAN, *Circuit Judge*:

Appellant Jonathan Wayne Lanaute pled guilty of bank robbery. His two prior Louisiana convictions for armed robbery and attempted armed robbery were counted as "crimes of violence" for purposes of enhancing Lanaute's sentence under § 4B1.1(a) of the United States Sentencing Guidelines (U.S.S.G.). Lanaute appeals, arguing Louisiana armed robbery does not qualify as a crime of violence because it does not require intentionally using or threatening to use force. We disagree and AFFIRM.

No. 25-30266

I

In May 2024, Lanaute entered United Community Bank in Baton Rouge and gave the cashier a note reading, "give me all the money in the cash register before everybody die [*sic*] in here." Fearing Lanaute had a firearm under his hoodie, the cashier gave him about $20,000 in cash. Lanaute was later arrested and pled guilty of bank robbery in violation of 18 U.S.C. § 2113(a).

In her presentence report (PSR), Lanaute's probation officer applied the career-offender enhancement under U.S.S.G. § 4B1.1(a), raising Lanaute's total offense level from 23 to 29 and his criminal history category from V to VI. According to the PSR, Lanaute qualified as a career offender due to two prior Louisiana robbery convictions—one in 2008 for armed robbery under Louisiana Revised Statute § 14:64, and one in 2019 for attempted armed robbery under Louisiana Revised Statute § 14:27, 64. With that enhancement, Lanaute's guideline range was 151 to 188 months. Lanaute objected to the PSR, arguing he did not qualify as a career offender.

After a sentencing hearing, the district court agreed with the PSR's career-offender designation. Relying on relevant § 3553(a) factors, the district court sentenced him to 151 months' imprisonment and 3 years' supervised release, the minimum guideline sentence for his offense level and category. Lanaute appeals his sentence.

II

We review *de novo* a district court's determination that an offense is a crime of violence under the Sentencing Guidelines. *United States v. Valle-Ramirez*, 908 F.3d 981, 984 (5th Cir. 2018).

## III

## A

For the career-offender designation to apply, Lanaute's two prior Louisiana armed robbery offenses must qualify as "crimes of violence" under U.S.S.G. § 4B1.2(a). Offenses count as crimes of violence if they fall into one of two categories. The first category, known as the "force clause," includes offenses that have "as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 4B1.2(a)(1). Under the force clause, the use or threat of force must be intentional—offenses that can be committed recklessly do not qualify. *See Borden v. United States*, 593 U.S. 420, 429 (2021) (plurality opinion). The second category, known as the "enumerated offense clause," involves specifically listed crimes including "robbery." § 4B1.2(a)(2). If Lanaute's prior crimes fall under either of these two categories, the career-offender designation applies.

When analyzing whether prior offenses count as crimes of violence, courts look "only to the statutory definitions—*i.e.*, the elements—of a defendant's prior offense[], and *not* to the particular facts underlying [the] conviction[]." *United States v. Garner*, 28 F.4th 678, 681 (5th Cir. 2022) (quoting *Descamps v. United States*, 570 U.S. 254, 261 (2013)). If the statute "proscribes a broader range of conduct than that defined in the Sentencing Guidelines, the statute is not categorically a crime of violence and cannot be used as a predicate in computing an advisory sentence." *Ibid.*

Importantly, a defendant who claims a state statute does not categorically match the crime-of-violence definition cannot "simply rest on plausible interpretations of statutory text made in a vacuum." *United States v. Russell*, 136 F.4th 606, 612 (5th Cir. 2025) (internal quotation omitted). Rather, he must show "a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside" the federal

No. 25-30266

definition. *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007); *see United States v. Burris*, 920 F.3d 942, 947 (5th Cir. 2019), *vacated on other grounds*, 141 S. Ct. 2781 (2021) (applying realistic-probability requirement to force clause analysis). The defendant "must at least point to his own case or other cases in which the state courts in fact did apply the statute in the . . . manner for which he argues." *Duenas-Alvarez*, 549 U.S. at 193 (2007); *see United States v. Sereal*, 153 F.4th 493, 496–97 (5th Cir. 2025) (applying actual case requirement to force clause analysis).

B

Lanaute contends his prior armed robbery offenses fail to qualify as crimes of violence under the force clause. He argues that, because Louisiana armed robbery is a "general" intent crime, as opposed to a "specific" intent crime, it can be committed with reckless intent.[1] He attempts to support this argument by citing several Louisiana cases, which we discuss below.

Louisiana law defines the crime of armed robbery as:

> the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.

---

[1] Under Louisiana law, "specific intent" refers to "that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act." La. Rev. Stat. § 14:10(1). "General intent" is a somewhat broader category. It includes "specific intent," but also exists "when the circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act." *Id.* § 14:10(2). "Criminal negligence," by contrast, is a separate mental state from specific or general intent. *Id.* § 14:12. It "exists when, although neither specific nor general intent is present, there is such disregard of the interest of others that the offender's conduct amounts to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances." *Ibid.*

LA. REV. STAT. § 14:64(A); *see also United States v. James*, 950 F.3d 289, 291, 291 (5th Cir. 2020) (discussing Louisiana armed robbery).

Lanaute first argues that, because it is a general intent crime, Louisiana armed robbery may be committed through reckless or negligent behavior. He is only half right. It is true that armed robbery is a general intent crime under Louisiana law. *See State v. Smith*, 23 So. 3d 291, 297 (La. 2009) ("Under present law, armed robbery is a general intent, not specific intent, crime.").[2] But that alone does not mean the crime may be committed recklessly or negligently. While that might be the case for certain general intent crimes, *see Garner*, 28 F.4th at 683 (aggravated assault with a firearm), it is not necessarily so. "[M]any Louisiana crimes are general intent crimes," and not all can be committed with a mere reckless or negligent mental state. *United States v. King*, 155 F.4th 341, 346 & n.5 (5th Cir. 2025); *see, e.g.*, *State v. Humphrey*, 412 So. 2d 507, 513 (La. 1981) (simple battery, a general intent crime, is defined as "intentional use of force or violence upon the person of another.").

What is needed to settle the question is a Louisiana case upholding a conviction for the particular crime—here, armed robbery—based on a *mens rea* of recklessness or negligence. *King*, 155 F.4th at 346 (citing *United States v. Porterie*, No. 22-30457, 2025 WL 457999, at *4 (5th Cir. Feb. 11, 2025)); *see also Duenas-Alvarez*, 549 U.S. at 193 (requiring offender to identify "cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues"). Realizing this requirement, Lanaute attempts to identify Louisiana cases upholding armed robbery convictions for merely

---

[2] Armed robbery used to be a specific intent crime when it required proving a "theft" from the victim—*i.e.*, "an intent to deprive the victim permanently of his or her personal possessions." *Id.* at 297 n.2. In 1983, however, the legislature substituted "taking" for "theft," thus making it "a general intent crime." *Ibid.*

reckless or unintentional acts. None of these cases, however, helps Lanaute's argument.

For instance, Lanaute cites three court of appeals decisions that, he claims, upheld armed robbery convictions where the threat of violence was unintentional. *See State v. Davis*, 111 So. 3d 100, 105 (La. App. 1 Cir. 2012); *State v. Johnson*, 60 So. 3d 43, 45 (La. App. 5 Cir. 2011); *State v. Robinson*, 713 So. 2d 828, 830–31 (La. App. 5 Cir. 1998). Not so. In those cases, the issue was whether the threat had occurred *at all*, not whether the threat was intentional.[3]

Moreover, as the Government correctly points out, it "strains credulity" to say the defendants in those cases were unaware they used force or threats of force to commit the robbery. In *Davis*, 111 So. 3d at 104, the defendant and his accomplices violently assaulted the victim's coworkers before taking her property. In *Johnson*, 60 So. 3d at 45–46 & n.1, when the defendant "saw a lady withdrawing money" at a bank, he "grabbed the money" out of her hands and "ran out of the bank." In *Robinson*, 713 So. 2d at 829, the defendant also grabbed cash directly from the victim's hand. In each case, the offenders plainly knew they were using force or threats of force to take someone's property. Hence, each one involved an intentional act. *See Borden*, 593 U.S. at 426 ("A person who injures another knowingly, even though not affirmatively wanting the result, still makes a deliberate choice.").

---

[3] *See Davis*, 111 So. 3d at 103–04 ("The defendant contends the evidence showed merely a theft. According to the defendant, . . . no one was threatened 'in conjunction' with the taking of the liquor bottles."); *Johnson*, 60 So. 3d at 45 ("Defendant only challenges the sufficiency of the evidence as it pertains to the element of force or intimidation."); *Robinson*, 713 So. 2d at 830 ("[Defendant] specifically contends that the state failed to show that he used force or intimidation, an essential element of simple robbery, and that at most, the state proved a misdemeanor theft.").

No. 25-30266

None of these cases even suggests that armed robbery may be committed through mere recklessness.

Lanaute also points to the Louisiana Supreme Court's decision in *State v. Smith*, 23 So. 3d 291, but it also fails to support his argument. In *Smith*, the defendant's accomplice intentionally pointed a gun at the victim. *Id.* at 299. The only issue was whether the defendant could be criminally liable for his accomplice's behavior. *Id.* at 296. *Smith* did not address whether someone can commit armed robbery only by reckless force or threats. Indeed, our court has held that "*Smith* never confirms that armed robbery can be committed recklessly or negligently." *King*, 155 F.4th at 346. Lanaute is therefore incorrect that *Smith* "holds" that Louisiana armed robbery "can be committed with less-than-intentional conduct." It says nothing on the subject.[4]

In sum, Lanaute has not shown a "realistic probability" that Louisiana would apply its armed robbery statute to merely reckless or negligent acts. *Duenas-Alvarez*, 549 U.S. at 193. Consequently, the district court correctly

---

[4] Indeed, Louisiana jurisprudence strongly suggests that armed robbery inherently requires an offender to intentionally use force or the threat of force to accomplish the taking. *See State v. Florant*, 602 So. 2d 338, 341 (La. App. 4 Cir. 1992) (quoting *State v. Leblanc*, 506 So. 2d 1197, 1200 (La. 1987)) ("[R]obbery contemplates . . . some energy or physical effort will be exerted in the 'taking' element of the crime and that some additional 'use of force' in overcoming the will or resistance of the victim is necessary"); *State v. Clarke*, 345 So. 3d 1015, 1018 n.1 (La. 2022) ("[T]he criminal intent required for [armed robbery] is apparent in the criminal acts themselves.").

ruled that his prior crimes constitute "crimes of violence" under the force clause. *Id* at 499.[5]

AFFIRMED.

_____

[5] Because we hold that Lanaute's prior offenses constitute "crimes of violence" under the force clause, *see* § 4B1.2(a)(1), it is unnecessary to decide whether his crimes would also qualify as "crimes of violence" under the enumerated offense clause, *see* § 4B1.2(a)(2). We also need not address Lanaute's argument that Congress exceeded its statutory authority when it created the enumerated offense clause. That argument pertains only to the enumerated offense clause, not the force clause.